THE STATE, EX REL. FALKE, PROS. ATTY., APPELLANT, *v.*
MONTGOMERY COUNTY RESIDENTIAL DEVELOPMENT, INC., APPELLEE.

[Cite as State, ex rel. Falke, *v.*
Montgomery Cty. Residential Development, Inc. (1988),
40 Ohio St. 3d 71.]

(No. 87-1680—Submitted September 8, 1988—Decided December 14, 1988.)

law providing for its creation should, in an action in quo warranto, be ousted entirely from its franchise, and (2) whether a corporation that has been so ousted may bring or maintain a suit in a court of law. For the reasons set forth below, we answer both questions in the affirmative.

I

In his first proposition of law, appellant contends that the court of appeals erred when it revised its previous order of ouster and reinstated appellee's corporate status for the sole purpose of allowing appellee to prosecute its federal suit. Specifically, appellant argues that a corporation that has violated a statute governing the process through which it was incorporated must be ousted entirely from its franchise and dissolved if the state brings an action in quo warranto against it. A review of the relevant statutory provisions and case law compels us to agree.

R.C. 2733.20 provides in part:

"When, in an action in quo warranto, it is found and adjudged that, by an act done or omitted, a corporation has surrendered or forfeited its corporate rights, privileges, and franchises, * * * judgment shall be entered that it be ousted and excluded therefrom, and that it be dissolved.

"When it is found and adjudged in such case, that a corporation has offended in a matter or manner that does not work such surrender or forfeiture, or has misused a franchise, or exercised a power not conferred by law, judgment shall be entered that it be ousted from the continuance of such offense or the exercise of such power."

Whether a corporation must be either entirely or only partially ousted under R.C. 2733.20 thus depends on the nature of the offense committed. In this case, the court of appeals found that appellee's articles of incorporation

*Lee C. Falke,* prosecuting attorney, *John F. Krumholtz* and *Richard D. Hanes,* for appellant.

*Robert W. Cettel,* for appellee.

LOCHER, J. At issue in this appeal are the questions of (1) whether a corporation that has offended against a

were defective under R.C. 1702.04(A) because two of the three signatures of the joint incorporators were forgeries.[2] The court thereby concluded that appellee had violated R.C. 2733.02(A), which states:

"A civil action in quo warranto may be brought in the name of the state against a corporation:

"(A) When it has offended against a law providing for its creation or renewal, or any amendment thereof[.] * * *"

Reading R.C. 2733.02(A) and 2733.20 *in pari materia,* we conclude that failure to comply with the statutory incorporation procedure is an offense which, in an action in quo warranto, can only be remedied by entirely ousting the offending corporation from its franchise. For a corporation "to have a valid existence as against the state in an appropriate proceeding to question such existence, [it] must be created and organized in accordance with the essential requirements of the law." 5A Fletcher, Cyclopedia of the Law of Private Corporations (Perm. Ed. 1987) 606, Section 2331. When these requirements are not met, or are tainted by fraud, the legal existence of the corporation is rendered void *ab initio.*

Our conclusion that appellee must be entirely ousted from its corporate franchise and dissolved is supported by the relevant case law. Where, as here, actions in quo warranto have been brought on the basis of defective incorporation, the offending corporations have always been entirely ousted and dissolved. See, *e.g., State, ex rel. Atty. Gen.,* v. *Lee* (1871), 21 Ohio St. 662; *State, ex rel. Atty. Gen.,* v. *Central*

*Ohio Mut. Relief Assn.* (1876), 29 Ohio St. 399; *State, ex rel. Brown.* v. *Regional Pub. Safety Service Corp.* (1975), 47 Ohio App. 2d 300, 1 O.O. 3d 360, 353 N.E. 2d 851. It is only where actions in quo warranto have been brought for misuse of corporate franchises, or for exercise of powers not conferred by law, that the courts have ordered the offending corporations to be partially rather than entirely ousted.[3] See, *e.g., State, ex rel. Colburn,* v. *Oberlin Bldg. & Loan Assn.* (1879), 35 Ohio St. 258; *State, ex rel. Price,* v. *Columbus, Delaware & Marion Elec. Co.* (1922), 104 Ohio St. 120, 135 N.E. 297.

Finally, while it is generally true that the law abhors a forfeiture, "[i]t must not be assumed that the courts are always free to exercise a discretion in the matter of forfeiture or dissolution. Such is not the case, for relevant provisions of the statutes or corporate charter must be given effect. Where such provisions are mandatory in character and designate certain acts or omissions as grounds for terminating the corporate franchise, the state upon proving one or more of such grounds is entitled, as a matter of law, to a decree of forfeiture, and the court has no discretion to refuse the same." 16A Fletcher, Cyclopedia of the Law of Private Corporations (Perm. Ed. 1988) 193, Section 8035. See, also, *State, ex rel. Colburn, supra,* at 264; *State, ex rel. Atty. Gen.,* v. *Penn. & Ohio Canal Co.* (1872), 23 Ohio St. 121, at paragraph three of the syllabus.

Accordingly, we hold that when, in an action in quo warranto, it is found and adjudged that a corporation has violated R.C. 2733.02(A) by offending

---

[2] R.C. 1702.04(A) reads:

"Any person, singly or jointly with others, * * * may form a corporation by signing and filing with the secretary of

state articles of incorporation * * *."
See, also, R.C. 1701.73(B).

[3] See R.C. 2733.02(D).

against a law providing for its own creation, R.C. 2733.20 requires that judgment be entered that the corporation be entirely ousted and excluded from its privileges, rights and franchises, and that it be dissolved. We therefore reverse the decision of the court of appeals to the extent that it fails to entirely oust appellee from its franchise and to order it dissolved.

## II

In his second proposition of law, appellant essentially contends that a corporation that has been ousted from its franchise should be prevented from raising or maintaining a suit in a court of law. We disagree. A judgment of ouster entered against a corporation in an action in quo warranto neither operates retroactively so as to affect rights and liabilities previously accrued by the corporation and third parties, nor acts as a determination that there had never been a corporation *de facto*. See *Gaff* v. *Flesher* (1877), 33 Ohio St. 107, 115; *Society Perun* v. *Cleveland* (1885), 43 Ohio St. 481, at paragraphs one, two and five of the syllabus. Furthermore, the dissolution of a corporation does not abate "[a]ny claim existing or action or proceeding pending by or against the corporation or which would have accrued against it * * *." R.C. 1701.88(B). See, also, *Stetson* v. *City Bank of New Orleans* (1853), 2 Ohio St. 167, syllabus. Accordingly, we find no merit in this proposition of law.

The judgment of the court of appeals is hereby reversed to the extent inconsistent herewith.

*Judgment reversed.*

MOYER, C.J., HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and H. BROWN, JJ., dissent.