[Cite as *Dodd v. Croskey*, 2013-Ohio-4257.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PHILLIP DODD, et al., | ) | |
| | ) | CASE NO. 12 HA 6 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| JOHN CROSKEY, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:         Civil Appeal from Common Pleas Court,
                                  Case No. CVH-2011-0019.


JUDGMENT:                         Affirmed.


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                  Dated: September 23, 2013

[Cite as *Dodd v. Croskey*, 2013-Ohio-4257.]

APPEARANCES:

For Plaintiffs-Appellants:
                              Attorney Paul Hervey
                              Attorney Jilliann Daisher
                              P.O. Box 1014
                              New Philadelphia, Ohio  44663


For Defendants-Appellees:
                              Attorney Rupert Beetham
                              110 South Main Street
                              P.O. Box 262
                              Cadiz, Ohio  43907


For Defendant-Appellee:
                              Attorney Marquette Evans
                              920 Race Street, 2nd Floor
                              Cincinnati, Ohio  45202
                              (For Harriet Evans)


For Defendants-Appellees:
                              Karen Chaney, *Pro se*
                              794 Breeze Street
                              Craig, Colorado  81625

                              Patty Hausman, *Pro se*
                              1130 Beta Loop
                              Colorado Springs, Colorado  80905

                              Linda Boyd, *Pro se*
                              7068 South Flower Court
                              Littleton, Colorado  80128

                              Terri Hocker, *Pro se*
                              204 South Buckhorn Drive
                              Bastrop, Texas  78602

VUKOVICH, J.

{¶1} Plaintiffs-appellants Phillip Dodd and Julie Bologna appeal the decision of the Harrison County Common Pleas Court granting summary judgment in favor of defendants-appellees John William Croskey, Mary E. Surrey, Roy Surrey, Emma Jane Croskey, Margaret Ann Turner, Mary Louise Morgan, Martha Beard, Lee Johnson, Edwin Johnson, Joann Zitko, David B. Porter, Joann C. Wesley, Cindy R. Weimer, Evart Dean Porter, Stuart Barry Porter, Brian K. Porter, Mary Elaine Porter, Kim D. Berry, Lorna C. Bower, Harriet J. Evans, Sandra J. Dodson, Karen A. Chaney, Patty Hausman, Linda B. Boyd, and Terri Hocker. This case is governed by the Ohio Dormant Mineral Act, R.C. 5301.56. Four issues are argued in this case.

{¶2} The first issue is whether the 2009 deed that transferred the surface rights to appellants but also contained a prior mineral reservation to Samuel A. Porter and Blanche Long Porter is a title transaction within the meaning of R.C. 5301.56. The second issue is whether appellants satisfied the notice requirement in R.C. 5301.56. The third issue is whether the affidavit filed by appellee John William Croskey, which was filed after the notice of intent to claim abandonment of mineral interests was published in the local newspaper, was a savings event under R.C. 5301.56(H). The fourth issue raised is whether the trial court erred when it did not require appellees to prove that they were the mineral interest holders.

{¶3} For the reasons expressed below, we make the following conclusions. The 2009 deed that transferred the surface rights to appellants is not a title transaction within the meaning of R.C. 5301.56. Any deficiency in the notice provided to the appellees of appellants' intent to have the mineral interests found to be abandoned is harmless because the publication notice reached at least one appellee, who filed an affidavit attempting to preserve the mineral interest. That affidavit complied with R.C. 5301.56(H) and accordingly preserved the mineral interests for appellees. Appellants did not provide any evidence to the trial court to dispute the information in the affidavit that the individuals listed in the affidavit are not mineral interest holders. Based upon those findings, we uphold the judgment of the trial court for appellees.

## Statement of Facts

{¶4}  In August 2009, appellants acquired 127.8387 acres of land in Harrison County, Ohio from James Coffelt.  The deed provided that the conveyance was subject to the following reservations:

> Excepting and reserving unto Samuel A. Porter and Blanche Long Porter all of the oil and gas in Warranty Deed to Consolidated Fuel Company filed for record May 27, 1947 in Volume 121, page 381, Deed Records for the 148.105 acre.  (Note: No further transfers)
>
> * * *
>
> Excepting a one-third interest in the oil and gas to Samuel A. Porter and Blanche Long Porter[1] in Warranty Deed filed for record may [sic] 27, 1947 in Volume 121, page 383, Deed Records.

August 5, 2009 Survivorship Deed.

{¶5}  Shortly after acquiring the surface rights, appellants were approached by an oil and gas company seeking to purchase the mineral rights to that tract of land.

{¶6}  As a result of that request, on November 27, 2010, appellants published in the Harrison News Herald a notice of intent to claim abandonment of oil and gas interests underlying their property.  As the above reservations show, these interests were previously reserved by the Porters.  The published notice was addressed to "Samuel A. Porter and Blanche Long Porter, their unknown successor and assigns."

{¶7}  Two days later, appellee John William Croskey recorded a Quit-Claim Deed for the oil and gas interests located on the property.  Then, on December 23, 2010, Croskey filed a document titled "Affidavit Preserving Minerals."  Croskey claimed to be an heir of the Porters and thus, owns a portion of the mineral interests. In this affidavit, Croskey also named numerous other persons that are alleged to be

---

[1]This trial court found that this exception contains an error.  The reservation of a 1/3 interest in the oil and gas as noted in the instrument was retained by Emma A. Croskey, not Samuel A. Porter and Blanche Long Porter.  The trial court, however, concluded that the error was without consequence in determining whether summary judgment should be granted to appellants. Neither party disputes this finding.  Thus, it is not addressed by this court.

heirs of Samuel A. Porter and Blanche Long Porter that likewise own an interest in the oil and gas reserves.

{¶8} On February 9, 2011, appellants filed an action to quiet title to the oil and gas interests. Appellants asked the Harrison County Common Pleas Court to find that the oil and gas interests were abandoned and thus, pursuant to the Ohio Dormant Mineral Act, appellants, as the surface rights owners, were entitled to be named as owners of the oil and gas reserves. Or in other words, appellants wanted the trial court to find that the affidavit was void and did not preserve appellees' mineral interests. The complaint named all of the persons Croskey named as heirs of Samuel A. Porter and Blanche Long Porter as defendants.

{¶9} All appellees filed answers that contained denials. Thereafter, appellants moved for summary judgment claiming that pursuant to the Ohio Dormant Mineral Act they are entitled to be named the owners of the mineral interests. Appellees filed motions in opposition to summary judgment and motions for summary judgment.

{¶10} After reviewing the parties' arguments, the trial court denied appellants' summary judgment motion and granted appellees' summary judgment motion. Thus, the court deemed that the mineral interests were not abandoned and that appellees retained the mineral interests that were acquired through testate from the Porters.

{¶11} Appellants appeal from that decision.

### Standard of Review

{¶12} In reviewing a summary judgment award we apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.,* 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we use the same test as the trial court did, Civ.R. 56(C). That rule provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

### OHIO DORMANT MINERAL ACT

**{¶13}** The arguments raised by appellants address different aspects of the Ohio Dormant Mineral Act. The Ohio Dormant Mineral Act, as codified in R.C. 5301.56, establishes a process by which mineral interests may be deemed abandoned and deemed to have vested to the owner of the surface rights.

**{¶14}** The trial court provided three reasons for granting summary judgment. First, it concluded that the subject mineral interests met one of the provisions in R.C. 5301.56(B) and therefore, were not abandoned. Second, it found appellants failed to comply with the notice provisions in R.C. 5301.56(E) and that was another reason supporting the grant of summary judgment. Lastly, it found that even if the interests were not abandoned and notice was properly given, the holders of the mineral interest took the appropriate steps set forth in R.C. 5301.56(H) to preserve their mineral interests.

**{¶15}** Appellants find fault with each reason and alternatively argue that even if the trial court was correct in all of its conclusions, it still erred in granting summary judgment because it failed to require appellees to provide proof of their ownership of the mineral interests.

**{¶16}** In reviewing appellants' arguments, we will first address the trial court's third reason for granting summary judgment, preservation of mineral interests, since it provides the sole and most persuasive basis for affirming the trial court's grant of summary judgment.

### Act to Preserve Mineral Interests

**{¶17}** The argument addressing the trial court's decision that appellees' performed an act that preserved their mineral interests' states:

**{¶18}** "The trial court erred in finding that the Croskey affidavit was a 'savings event' under Revised Code § 5301.56."

**{¶19}** R.C. 5301.56(H)(1) provides that within 60 days of service or publication notice of the surface owner's intent to have the mineral interests be deemed abandoned, the holder of the mineral interest can claim that the mineral interest has not been abandoned by filing one of two documents – an affidavit or a claim.

{¶20} The affidavit is governed by R.C. 5301.56(H)(1)(b) and that statute provides that in order to preserve the mineral interest the affidavit must identify an event listed in R.C. 5301.56(B)(3) that has occurred "within the twenty years immediately preceding the date on which the notice was served or published under division (E) of this section." R.C. 5301.56(H)(1)(b). The events listed in section (B)(3) automatically establish that the mineral interests have not been abandoned.

{¶21} The other document is "a claim to preserve the mineral interest." R.C. 5301.56(H)(1)(a) states that this claim is to be made in accordance with R.C. 5301.56(C). That section states the information that must be contained in "a claim to preserve the mineral interest"; and that it must be filed within sixty days after the date of notice.

{¶22} On December 23, 2010, which was within sixty days of appellants' published notice, appellee John William Croskey filed a document titled "Affidavit Preserving Minerals" in Harrison County Recorder's Office. While this document is titled as an affidavit, it does not identify an event under division (B)(3) which would deem the mineral interest not excluded. Thus, it does not constitute an affidavit that is described in division (H)(1)(b). However, the trial court found that it does constitute "a claim to preserve the mineral interest" as described in division (H)(1)(a).

{¶23} Appellants maintain that finding is incorrect because appellee John William Croskey's affidavit was not filed within the 20 years immediately preceding the notice. They contend that the 20 years immediately preceding the date of the notice requirement applies to a claim filed pursuant to R.C. 5301.56(H)(1)(a).

{¶24} This assertion is based on R.C. 5301.56(H)(1)(a)'s statement that the claim to preserve the mineral interest is to be in accordance with R.C. 5301.56(C). Appellants claim that section (C) requires a claim to preserve the mineral interest to be filed within the 20 years immediately preceding the date that notice is published under section (E). Appellants reach this conclusion because the first sentence of section (C) states a claim to preserve a mineral interest from being deemed abandoned under section (B) may be filed for record by its holders. R.C. 5301.56(C)(1). Section (B)(3)(e) specifically deals with claims to preserve a mineral

interest. That section states that a mineral interest will not be deemed abandoned if within the 20 years immediately preceding the date on which notice was served or published, the holder has filed a claim to preserve the mineral interest in accordance with R.C. 5301.56(C). R.C. 5301.56(B)(3)(e). Thus, in short, appellants argue that the 20 year requirement applies under R.C. 5301.56(H)(1)(a) because (H)(1)(a) requires that the claim must in done in accordance with R.C. 5301.56(C); and that section specifically refers to R.C. 5301.56(B), subsection (3)(e) of which requires the claim to be filed within 20 years preceding the notice.

{¶25} Appellants are correct that section (H) refers to section (C) and section (C) refers to section (B). However, their conclusion that due to those references, R.C. 5301.56(H)(1)(a) requires the claim to preserve mineral interest to be filed within the 20 years immediately preceding the notice in order to preserve the interest is incorrect.

{¶26} In determining the requirements of a statute, we first look to the specific language in the statute and if the language is unambiguous, we apply the clear meaning of the words used. *Roxane Laboratories, Inc. v. Tracy*, 75 Ohio St.3d 125, 127, 661 N.E.2d 1011 (1996). However, if the statute is ambiguous then we look to the legislative intent. *Bailey v. Republic Engineered Steels, Inc.,* 91 Ohio St.3d 38, 40, 741 N.E.2d 121 (2001).

{¶27} In reading R.C. 5301.56(H) it can be concluded that it provides two means through which a mineral interest holder can assert that the mineral interest is not abandoned. Subsection (1)(b) deals with the acts listed in R.C. 5301.56(B)(3) that occurred within the 20 years immediately preceding the notice of the surface owners' intent to have the interests deemed abandoned. R.C. 5301.56(B)(3)(e) specifically provides for the filing of a claim to preserve the mineral interest that meets the requirements in R.C. 5301.56(C). Thus, R.C. 5301.56(H)(1)(b) addresses past events that render the interest not abandoned.

{¶28} R.C. 5301.56(H)(1)(a), on the other hand, allows for a present act by the mineral interest holder that prevents the interest from being determined to be abandoned. As stated above, that section states the mineral interest holder may file

a claim to preserve the mineral interest in accordance with R.C. 5301.56(C) within 60 days after the date of notice.

{¶29} That said, it is acknowledged that under R.C. 5301.56(H)(1)(a) the claim to preserve the mineral interest must be done in accordance with R.C. 5301.56(C). R.C. 5301.56(C) states:

> (C)(1) A claim to preserve a mineral interest from being deemed abandoned under division (B) of this section may be filed for record by its holder. Subject to division (C)(3) of this section, the claim shall be filed and recorded in accordance with division (H) of this section and sections 317.18 to 317.201 and 5301.52 of the Revised Code, and shall consist of a notice that does all of the following:
>
> (a) States the nature of the mineral interest claimed and any recording information upon which the claim is based;
>
> (b) Otherwise complies with section 5301.52 of the Revised Code;
>
> (c) States that the holder does not intend to abandon, but instead to preserve, the holder's rights in the mineral interest.
>
> (2) A claim that complies with division (C)(1) of this section or, if applicable, divisions (C)(1) and (3) of this section preserves the rights of all holders of a mineral interest in the same lands.
>
> (3) Any holder of an interest for use in underground gas storage operations may preserve the holder's interest, and those of any lessor of the interest, by a single claim, that defines the boundaries of the storage field or pool and its formations, without describing each separate interest claimed. The claim is prima-facie evidence of the use of each separate interest in underground gas storage operations.

R.C. 5301.56(C).

{¶30} The first sentence of section (C) does refer to section (B). However, it is only stating that a claim under division (B) may be filed for record by its holder. Here, the claim was filed under division (H)(1)(a), not division (B). The clear

language of R.C. 5301.56(H)(1)(a) does not require the claim to preserve the mineral interest to have been filed within the 20 years immediately preceding the notice. Rather it requires the claim to be filed within 60 days after the notice. The mere reference in division (C) to division (B) does not mean that a claim filed under division (H)(1)(a) has the same 20 year requirement that a claim filed under division (B) does. Therefore, appellants assertion that 20 year requirement applies to a claim filed under division (H)(1)(a) fails.

{¶31} If we were to read division (H)(1)(a) in the manner urged by appellants, it would mean that a claim to preserve a mineral interest filed under that division not only has to have been filed within the 20 years immediately preceding the surface owner's notice of intent to have the mineral interests deemed abandoned, but also within 60 day after the notice. Reading it in is this manner causes two problems in the statute.

{¶32} First, it creates a redundancy in the statute. R.C. 5301.56(H)(1)(b) already governs the situation where a claim was filed within the 20 years immediately preceding the notice. As aforementioned under R.C. 5301.56(H)(1)(b) a mineral interest holder can preserve their rights by filing an affidavit that identifies an event listed in section (B)(3). R.C. 5301.56(B)(3) states that if certain events have occurred "within the twenty years immediately preceding the date on which the notice was served or published under division (E) of this section" the mineral interests have not been abandoned. One of the events listed is the filing of a claim preserving the mineral interest in accordance with the requirements in R.C. 5301.56(C). R.C. 5301.56(B)(3)(e). Consequently, if R.C. 5301.56(H)(1)(a) is read to require the claim to have been filed within the 20 years immediately preceding the notice, there is no need for that provision because it is already covered under R.C. 5301.56(H)(1)(b). The legislature would not have intended for the statute to be redundant; rather the intent is for all provisions to have meaning.

{¶33} Second, it does not give effect to the words used and not used in the statute. The specific language of R.C. 5301.56(H)(1) is:

(H)(1) If a holder or a holder's successors or assignees claim that the mineral interest that is the subject of a notice under division (E) of this section has not been abandoned, the holder or the holder's successors or assignees, not later than sixty days after the date on which the notice was served or published, as applicable, shall file in the office of the county recorder of each county where the land that is subject to the mineral interest is located one of the following:

(a) A claim to preserve the mineral interest in accordance with division (C) of this section;

(b) An affidavit that identifies an event described in division (B)(3) of this section that has occurred within the twenty years immediately preceding the date on which the notice was served or published under division (E) of this section.

R.C. 5301.56(H)(1)(a)-(b).

**{¶34}** R.C. 5301.56(H)(1)(b) specifically mentions the 20 year requirement, i.e. that an event has to occur within the 20 years immediately preceding notice. The legislature could have chosen to leave out the 20 year language and that requirement would still have been required because of the reference to R.C. 5301.56(B)(3). R.C. 5301.56(B)(3) specifically states that if certain events occur within the 20 years immediately preceding the notice, the mineral interests are not deemed abandoned. That said, the legislature chose to restate the 20 year requirement to ensure that that requirement was applicable. However, R.C. 5301.56(H)(1)(a) does not mention a 20 year requirement. Likewise, R.C. 5301.56(C) does not expressly state a 20 year requirement. If the legislature wanted the 20 year requirement to apply it knew the language to use, which is evidenced by the language used in R.C. 5301.56(H)(1)(b). Yet, it did not employ such language. Thus, the legislature's choice to not state the 20 year requirement in R.C. 5301.56(H)(1)(a) also lends support for the conclusion that the 20 year requirement is inapplicable to that section.

**{¶35}** Furthermore, the conclusion that R.C. 5301.56(H)(1)(a) allows for a mineral interest holder to take a present action by filing a claim to preserve the mineral interest after notice, even though the claim was not filed within the 20 years immediately preceding notice, is supported by the general rule that the law abhors a forfeiture. *State ex rel. Falke v. Montgomery Cnty. Residential Dev., Inc.*, 40 Ohio St. 3d 71, 73, 531 N.E.2d 688 (1988). Thus, the law requires that we favor individual property rights when interpreting forfeiture statutes. *Ohio Dep't of Liquor Control v. Sons of Italy Lodge 0917*, 65 Ohio St. 3d 532, 534, 605 N.E.2d 368 (1992). Allowing for a present act to prevent forfeiture of the mineral interest favors individual property rights.

**{¶36}** Therefore, considering all the above, the argument that appellees did not preserve their mineral rights lacks merit. The trial court's decision to grant summary judgment is upheld for this reason.

### Mineral Interests Subject of a Title Transaction

**{¶37}** Appellants also argue that the trial court incorrectly determined that the mineral interests were not abandoned under R.C. 5301.56, by stating:

**{¶38}** "The trial court erred by finding that the restatement of a prior mineral reservation in later deeds is a 'title transaction' within the meaning of Ohio Revised Code §5301.56."

**{¶39}** R.C. 5301.56(B) indicates that mineral interests will not be deemed abandoned if they are coal interests, if the interests are held by the United States, the State of Ohio or any political subdivisions, or if certain enumerated actions are taken within the preceding twenty years. The mineral interests at issue in this case are not owned by a political subdivision and they are not coal interests. Therefore, in order for the interest to automatically be determined to not be abandoned one of the provisions under R.C. 5301.56(B)(3) must be applicable. The trial court found that provision (B)(3)(a) was applicable. That section states:

> (3) Within the twenty years immediately preceding the date on which notice is served or published under division (E) of this section, one or more of the following has occurred:

(a) The mineral interest has been the subject of a title transaction that has been filed or recorded in the office of the county recorder of the county in which the lands are located.

R.C. 5301.56(B)(3)(a).

**{¶40}** In finding that this section applied, the court explained that in 2009, when appellants acquired the surface rights, the instrument that conveyed those rights to them included the reservation of the oil and gas interests to Samuel A. Porter and Blanche Long Porter. Thus, it concluded that the mineral interests were the "subject of" the title transaction and that it had been filed within 20 years immediately preceding the publishing of notice under R.C. 5301.56(E).

**{¶41}** There is no dispute that the 2009 deed was filed within the 20 years immediately preceding appellants' 2011 notice of intent to claim abandoned mineral interests that was published in the Harrison Herald News. The issue to be decided here is whether the oil and gas interest was the "subject of" that title transaction.

**{¶42}** As aforementioned, "[t]he principles of statutory construction require courts to first look at the specific language contained in the statute, and, if the language is unambiguous, to then apply the clear meaning of the words used." *Roxane Laboratories, Inc.*, 75 Ohio St.3d 125, 127, 661 N.E.2d 1011. R.C. 5301.56(B)(3)(a) is unambiguous. Therefore, the meaning of all the words used must be considered.

**{¶43}** Title transaction is not defined in the Ohio Dormant Mineral Act. However, it is defined in the Marketable Title Act as "any transaction affecting title to any interest in land, including title by will or descent, title by tax deed, or by trustee's, assignee's, guardian's, executor's, administrator's, or sheriff's deed, or decree of any court, as well as warranty deed, quit claim deed, or mortgage." R.C. 5301.47(F). This is a common definition of a title transaction. By this definition the 2009 deed clearly constitutes a title transaction.

**{¶44}** Division (3)(a), however, also requires the mineral interests to be the "subject of" a title transaction. Both parties cite this court to *Riddel v. Layman*, 5th

Dist. No. 94CA114 (July 10, 1995), to support their respective positions regarding whether the mineral interests were the "subject of" the 2009 title transaction.

{¶45} In *Riddel*, Austin and Eula transferred 111 acres to Hilda, but retained 49% of the mineral interests to that property. This transfer occurred in 1965, but was not recorded until June 1973. However, in May 1973, Hilda transferred the property to the Tarboxs. That deed did not contain the reservation of mineral interests. In 1990 the Tarboxs transferred the property to Riddel and that deed also did not contain the reservation of mineral interests. In 1994, Riddel filed an action to quiet title. Eula filed an answer and counterclaim alleging to hold 49% of the mineral interests to the property. The trial court granted Eula summary judgment and held that she owned 49% of the mineral interests to the property.

{¶46} The appellate court upheld that decision. Based on the Ohio Dormant Mineral Act that was in effect at the time (which is the previous version of the Ohio Dormant Mineral Act) the appellate court stated that in order for Eula to retain her 49% mineral interest in the property there had to be a title transaction, of which the mineral interest was subject of, that had been filed or recorded in the county recorder's office within the past 20 years from the enactment of the statute. *Id.* It found that the 49% mineral interest reservation was the "subject of" the title transaction in 1965 when Austin and Eula transferred the 111 acres to Hilda. *Id.* That deed was recorded in 1973. The statute was enacted in 1989. Therefore, the recording of the 1965 deed in 1973 occurred within 20 years preceding the date the statute was enacted. *Id.*

{¶47} Despite each party's insistence, Riddle does not shed much light on what it means to be "subject of a title transaction." Clearly, the mineral interest in that case was the "subject of" the 1965 title transaction; in that transaction the grantor specifically retained a mineral interest. *Riddel*, however, does not address whether the mineral interest would be the "subject of" the 1973 or 1990 title transactions if the previous mineral reservations were contained in those transactions, which is the exact issue presented to this court. Thus, this case is not instructive.

**{¶48}** Other than *Riddel*, there is no case law in Ohio discussing what "subject of a title transaction" means. Furthermore, "subject of" is not defined in the statute. Therefore, the phrase must be given its plain, common, ordinary meaning and is to be construed "according to the rules of grammar and common usage." *Smith v. Landfair*, 135 Ohio St.3d 89, 2012-Ohio-5692, 984 N.E.2d 1016, ¶ 18. The common definition of the word "subject" is topic of interest, primary theme or basis for action. Webster's II New Riverside University Dictionary 1153 (1984). Under this definition the mineral interests are not the "subject of" the title transaction. Here, the primary purpose of the title transaction is the sale of surface rights. While the deed does mention the oil and gas reservations, the deed does not transfer those rights. In order for the mineral interest to be the "subject of" the title transaction the grantor must be conveying that interest or retaining that interest. Here, the mineral interest was not being conveyed or retained by Coffelt, the party that sold the property to appellants.

**{¶49}** Therefore, we disagree with the trial court's conclusion that oil and gas interests were the "subject of" the 2009 title transaction. Instead we specifically find that they were not the "subject of" the 2009 title transaction. Furthermore, we note that there is no evidence in the record that the oil and gas interests were the "subject of" a title transaction in the 20 years immediately preceding the publishing of the notice to claim the mineral interests were abandoned. Consequently, the trial court's decision to grant summary judgment to appellees on the basis of R.C. 5301.56(B)(3)(a) was incorrect. This argument has merit.

**{¶50}** Regardless, as discussed above, summary judgment was appropriately granted on the basis that appellees took affirmative steps to preserve their mineral interests after notice of appellant's intent to have the mineral interests deemed abandoned was published.

### Notice

**{¶51}** The argument regarding notice provides:

**{¶52}** "The trial court erred in finding that the appellants failed to satisfy the notice requirements of Ohio Revised Code § 5301.56."

**{¶53}** When mineral interest do not meet one of the requirements in R.C. 5301.56(B) to be deemed not abandoned, the surface owner may then take steps to have the mineral interest deemed to be abandoned and to have those interests reattach to the surface. This process begins with the surface owner providing notice to the holder of the mineral interest as set forth in R.C. 5301.56(E).

**{¶54}** Division (E)(1) requires the surface owner to serve notice to each holder or each holder's successors or assignees at the last known address of the owner's intent to declare the mineral interest abandoned. A "'holder' means the record holder of a mineral interest, and any person who derives the person's rights from, or has a common source with, the record holder." R.C. 5301.56 (A)(1). Thus, holder would include any heirs or assigns of the Porters.

**{¶55}** R.C. 5301.56(E) requires the notice to be given by certified mail, return receipt requested. If service of notice "cannot be completed to any holder," the owner shall publish notice of its intent to declare the mineral interest abandoned at least once in a newspaper of general circulation in the county where the land that is subject to the interest is located. The notice shall contain all of the information specified in R.C. 5301.56(F).

**{¶56}** Here, it is undisputed that appellants did not attempt to notify any of the appellees by certified mail. It is also undisputed that Samuel A. Porter and Blanche Long Porter are deceased. Since appellants did not know the Porters' heirs they published the notice in the Harrison Herald News, a local newspaper. All parties agree that the published notice complied with the requirements in R.C. 5301.56(F).

**{¶57}** Appellees assert that appellants failed to comply with the mandates of R.C. 5301.56(F) because certified mail was not attempted. The trial court agreed and provided this as basis for granting summary judgment to appellees.

**{¶58}** We agree with the trial court and appellees that the language of the statute allowing for published notice if certified mail could not be completed indicates that there must be an attempt to notify by certified mail. Appellants complain that there is no guidance as to the lengths surface owners must go to determine who the holders of the interests might be to attempt certified mail. They assert that they did a

title search for the transfer of mineral interests, that they searched the probate records and that they could not determine who to serve by certified mail. The evidence submitted indicates that they did a title search; however, there is no indication in the affidavits that a probate records search was performed. We understand the difficulty in determining, in instances such as these, who are the heirs and assigns. That said, we do not need to determine whether the actions taken by appellants would be enough to show an attempt at certified mail.

**{¶59}** Here, the failure to strictly comply with the statute does not provide a basis for granting summary judgment. The published notice reached one of the parties claiming to have interest. Appellee John William Croskey on December 23, 2010, filed an Affidavit Preserving Minerals that asserted his interest and his relatives' interest in the mineral interests. In that affidavit it provides when Samuel A. Porter died, that his estate was administered in Harrison County Probate Court and indicates who received the residue of his estate. The purpose of the notice requirement is to have the persons with mineral interests receive the notice of the surface owner's intent to claim the mineral interests abandoned. Therefore, since notice was received and that party could took timely action to preserve the mineral interests, failure to strictly comply with the notice requirement, in this instance, amounts to harmless error.

**{¶60}** Consequently, alleged inadequate notice does not provide a reason for granting summary judgment to appellees.

### Ownership of Interest

**{¶61}** Appellants last argument is an alternative to the above arguments. They assert that even if the appellees met the requirements to preserve their mineral interests, the trial court erred when it did not require them to prove their ownership interests:

**{¶62}** "The trial court erred and abused its discretion in not requiring the mineral rights claimants to provide proof of their ownership interests."

**{¶63}** This argument lacks merit. Appellants were seeking to quiet title to the mineral interests in the land to which they owned the surface rights. They were doing

this through the application of the Ohio Dormant Mineral Act. Croskey filed an affidavit preserving mineral interests claiming that he and all parties listed in the affidavit are heirs of the Porters and thus are holders of the mineral interest. The affidavit explains how the parties listed are the Porters' heirs. The trial court determined that the Croskey affidavit preserved the mineral interests. This is a finding that the parties listed in that affidavit are holders of the mineral interests.

**{¶64}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).

**{¶65}** Appellants provided no evidence to dispute the Croskey affidavit; they did not offer any evidence that the appellees are not the heirs or assigns of the Porters. Since the sworn affidavit provided evidence that the appellees are the heirs or assigns, the burden shifted to appellants to provide conflicting evidence. Appellants failed to meet that burden.

**{¶66}** Appellants also assert that summary judgment should not have been granted because the trial court did not determine how much mineral interest each party owned. This issue however, was not presented to the trial court. As stated above, the trial court was asked to determine whether the mineral interests were abandoned; it was not asked to partition the mineral interests. Therefore, the trial court did not err when it did not determine how much interest each party owned.

**{¶67}** For those reasons, this assignment of error lacks merit.

Conclusion

{¶68} In conclusion, the trial court incorrectly determined that summary judgment was appropriate because the 2009 deed that transferred the surface rights to appellants was a title transaction within the meaning of R.C. 5301.56(B)(3)(a). Furthermore, it incorrectly determined that the failure to comply with the notice provisions in R.C. 5301.56(E) also provided a basis for granting summary judgment to appellees even though at least one appellee received the notice. That said, the trial court correctly determined that the affidavit filed after receiving the notice complied with R.C. 5301.56(H) and accordingly preserved the mineral interests for appellees. Furthermore, appellants did not provide any evidence to the trial court to dispute the information in the affidavit that the individuals listed in the affidavit are not mineral interest holders. Therefore, the judgment of the trial court is affirmed.

Donofrio, J., concurs.
DeGenaro, P.J., concurs.