[Cite as *Lipperman v. Batman*, 2014-Ohio-5500.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WAYNE LIPPERMAN, et al., | ) | |
| | ) | CASE NO.    14 BE 2 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| NILE BATMAN, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                                            Case No. 12CV85.


JUDGMENT:                                        Affirmed.


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                            Dated:  December 12, 2014

[Cite as *Lipperman v. Batman*, 2014-Ohio-5500.]

APPEARANCES:

For Plaintiffs-Appellants:
Attorney Richard Lancione
Attorney Tracey Lancione Lloyd
3800 Jefferson Street
Bellaire, Ohio  43906
(For Wayne Lipperman, et al.)

For Defendants-Appellees:
Attorney Bruce Smith
1844 West State Street, Suite A
Alliance, Ohio  44601
(For Mile & Katheryn Batman)

Attorney Lyle Brown
41 South High Street, Suite 2200
Columbus, Ohio  43215
(For Reserve Energy Exploration Co.
and Equity Oil & Gas Funds, Inc.)

Attorney Marion Little, Jr.
Attorney Christopher Hogan
3500 Huntington Center
41 South High Street
Columbus, Ohio  43215
(For XTO Energy, Inc. and Phillips
Exploration, Inc.)

Attorney John Keller
52 East Gay Street
Columbus, Ohio  43215
(Amicus Curiae)

VUKOVICH, J.

{¶1} Plaintiffs-appellants Wayne Lipperman and Roseann Cook appeal the decision of the Belmont County Common Pleas Court granting summary judgment for defendants Nile Batman and Katheryn Batman, defendants-appellees Reserve Energy Exploration Co., Equity Oil & Gas Funds, Inc., XTO Energy Inc. and P.C. Exploration Inc. (nka Phillips Exploration, Inc.).

{¶2} This appeal concerns the 1989 version of the Ohio Dormant Mineral Act (DMA) and 41.23 acres of real estate in Pultney Township, Belmont County, Ohio. Appellants own the surface of said property. Batman claims to own 50% of the minerals (excluding coal) underlying said property. Appellants claim that Batman did not preserve that interest, and that the interest was abandoned and subject to divesture under the 1989 version of the DMA.

{¶3} The 1989 version of the DMA, former R.C. 5301.56(B)(1), provides that a mineral interest held by a person other than the surface owner of the land subject to the interest shall be deemed abandoned and vested in the owner of the surface unless (a) the mineral interest deals with coal, (b) the mineral interest is held by the government, or (c) a savings event occurred within the preceding twenty years. The six savings events are as follows: (i) the mineral interest has been the subject of a title transaction that has been filed or recorded in the recorder's office; (ii) there has been actual production or withdrawal by the holder; (iii) the holder used the mineral interest for underground gas storage; (iv) a mining permit has been issued to the holder; (v) a claim to preserve the mineral interest has been filed; or (vi) a separately listed tax parcel number has been created. R.C. 5301.56(B)(1)(c)(i)-(vi).

{¶4} The trial court decided that under the 1989 version of the Act, the 20 year period is a rolling period. It found that two savings events occurred that preserved Batman's interest in the minerals Nile Batman inherited from his mother, Frances Batman. The first was the 1981 affidavit from Frances Batman that was recorded in the Belmont County Recorder's Office specifically preserving her mineral interest in the subject tract of land. The second was the filing of Frances' will in the

Belmont County Probate Court and Recorder's Office in 1989, which was approximately eight years after she died.

**{¶5}** Appellants find fault with the trial court's second determination. They admit that the 1981 affidavit, that was filed one month before Frances died, was a savings event. However, they assert that her death in 1981 was the second savings event and that the recording of her will in 1989 relates back to the date of her death and thus, the recording of the will only preserves the interest until 2001 (20 years from the date of her death).

**{¶6}** For the reasons expressed below, the trial court's decision is affirmed, albeit for reasons other than those expressed in its judgment entry. We have recently determined that the look-back period in the 1989 version of the Act is a fixed period that extends from March 22, 1969 to March 22, 1989. The act further provides for a three year grace period to perfect a savings event, which meant that a savings event could occur as late as March 22, 1992. *Eisenbarth v. Reusser*, 7th Dist. No. 13MO10, 2014-Ohio-3792. Thus, based on our *Eisenbarth* decision, we are only concerned with what occurred from March 22, 1969 to March 22, 1992. The trial court's statement that it is a rolling period is incorrect. However, that does not affect the result in this instance. It is undisputed that the 1981 affidavit occurred within that period and is a savings event. Thus, Batman's interest in the minerals were preserved and the trial court correctly determined that there was no abandonment.

Statement of the Case

**{¶7}** The facts in this case are undisputed. Appellants own a tract of land in Belmont County, Ohio. Batman claims that he owns 50% of the mineral interest in that land, which he acquired through inheritance.

**{¶8}** Appellants signed a lease of the oil and gas rights in the property with Reserve Energy Exploration Company in April 2006. Batman also signed a lease with Reserve Energy Exploration for the oil and gas rights in November 2008. It appears that Reserve Energy Exploration has assigned its interest in both leases to Equity Oil & Gas Funds, Inc. Equity Oil & Gas Funds, Inc. then assigned part of its interests to XTO Energy Inc., and PC Exploration.

{¶9} On February 15, 2012, appellants filed a complaint for quiet title in Belmont County Common Pleas Court against Batman, Reserve Energy Exploration Co., Equity Oil & Gas Funds, Inc., PC Exploration Inc. and XTO Energy. They were seeking to have the 50% mineral interests merge with the surface because the interest had been abandoned and subject to divesture under the 1989 version of the DMA. This complaint only sought to invoke the 1989 version of the DMA, it did not seek to apply the 2006 version of the act. All defendants filed an answer claiming that there were savings events that preserved Batman's mineral interests. 03/15/12 Batman Answer; 03/19/12 Reserve Energy Exploration Co. Answer; 03/21/12 PC Exploration Inc. and XTO Energy Inc. Answer; 04/30/13 Equity Answer.

{¶10} On October 3, 2013, appellants moved for summary judgment. Appellants argued that even if Frances Batman's September 14, 1981 Affidavit and Notice of Claim of Interest in Land that was filed and recorded in Belmont County, Ohio was a savings event under the 1989 version of the DMA, there was no other savings event that occurred prior to 2008. Thus, according to them, in 2001, 20 years following the last savings event, the interest was abandoned and subject to automatic divesture under the 1989 version of the DMA. Appellants were asserting that the 20 year period in the 1989 version of the DMA is a rolling period.

{¶11} The following day, Reserve Energy Exploration and Equity Oil & Gas Funds, Inc. filed its motion for summary judgment. These parties made two separate arguments. First, it asserted that if the 20 year period is a fixed period, then the 1981 affidavit is a savings event and under the 1989 version of the Act, the minerals were not abandoned. Second, it argued that if a rolling period is employed, there was a savings event on April 10, 1989 when a certified copy of Frances' will was recorded in Belmont County, Ohio. It contended that a will is a title transaction that constitutes a savings event. There was also another savings event when Batman signed a lease with Reserve in 2008. Thus, it contended that under a rolling period there is no 20 year period where there has not been a savings event.

{¶12} Appellants filed a response in opposition to Reserve Energy Exploration and Equity Oil & Gas Funds, Inc.'s summary judgment motion. 10/17/13 Motion.

Appellants asserted that the recording of the will was not a title transaction because it was not properly probated in Belmont County, Ohio.

**{¶13}** Reserve Energy Exploration and Equity Oil & Gas Funds, Inc. filed a response in opposition to appellants' motion for summary judgment reiterating the same arguments espoused in its motion for summary judgment. 10/18/13 Motion. Reserve Energy Exploration and Equity Oil & Gas Funds, Inc. also filed a reply to appellants' motion in opposition to Reserve Energy Exploration and Equity Oil & Gas Funds, Inc.'s summary judgment motion. 10/24/13 Reply.

**{¶14}** On December 16, 2013, the trial court granted summary judgment for Reserve Energy Exploration and Equity Oil & Gas Funds, Inc.

**{¶15}** Appellants timely appeal from that decision. 01/13/14 Notice of Appeal.[1]

### Assignment of Error

**{¶16}** "The trial court erred in granting summary judgment for the defendant Reserve Energy Corporation because the mere act of recording an out of state will is not a titile [sic] transaction under ORC §5601.56. [sic]"

**{¶17}** We review a trial court's decision to grant summary judgment using a de novo standard of review. *Cole v. Am. Industries & Resources Corp.,* 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we apply the same test the trial court uses, which is set forth in Civ.R. 56(C). That rule provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

**{¶18}** In granting summary judgment for Reserve Energy Exploration and Equity Oil & Gas Funds, Inc. the trial court made multiple findings. First, it stated that Lipperman and Cook sought to have Batman's mineral interests deemed abandoned

---

[1]It is noted that this case is closely related to another appeal presently before this court – *Albanese v. Batman*, 7th Dist. No. 14BE22.

and subject to divesture under the 1989 version of the DMA. They did not seek to have the mineral interests deemed abandoned under the 2006 version of the act and they did not make an attempt to comply with the notice provisions in the 2006 version. Thus, the trial court indicated that it was only applying the 1989 version of the act. It also found that the 20 year look-back period in the 1989 version of the act is a rolling, not a fixed, look-back period. It then found that there were three savings events that preserved the mineral interest. First, is Frances' Affidavit that was filed with the Belmont County Recorder's Office on September 14, 1981. It found that the language contained in the affidavit complies with the requirements of R.C. 5301.52 and as such qualifies as a savings event under the 1989 version of the DMA. The second savings event was the filing of a certified copy of Frances' will in the Belmont County Recorder's Office on April 10, 1989 and the recordation of that will on April 11, 1989. The third savings event was the oil and gas lease between Batman and Reserve Energy Exploration in November 2008 that was recorded on December 3, 2008. Thus, given those savings events, the trial court determined that Batman had preserved his interest in the minerals and thus, granted summary judgment for Reserve Energy Exploration and Equity Oil & Gas Funds, Inc.

{¶19} The parties' arguments on appeal focus on the alleged savings events. The parties did not assign as error the trial court's determination that the 1989 version of the act has a rolling look-back period. However, based on our recent decision in *Eisenbarth*, we must address the trial court's determination that the look-back period is rolling.

{¶20} In *Eisenbarth*, this court was asked to decide whether the 20 year look-back period is a rolling or fixed period. *Eisenbarth v. Reusser*, 7th Dist. No. 13MO10, 2014-Ohio-3792. We concluded that "the statute is ambiguous as to whether the look-back period is anything but fixed. The use of the words 'preceding twenty years,' without stating the preceding twenty years of what, does not create a rolling look-back period." *Id.* at ¶ 48. In addressing the argument that the statute's language that provides for successive claims to preserve indicates that the statute has a rolling period, we explained:

The mention of successive claims to preserve and indefinite preservation in R.C. 5301.56(D)(1) could merely be a reference to any preservations that were filed under the OMTA as existed prior to the 1989 DMA in order to show that a new claim to preserve can still be filed if the old one was filed outside of the new twenty-year look-back. There is other statutory language connecting the twenty-year look-back period to the date of enactment as (B)(2)'s grace period provides three years *from the date of enactment* before items will be deemed abandoned. R.C. 5301.56(B)(2). As forfeitures are abhorred in the law, we refuse to extend the look-back period from fixed to rolling. *See generally State ex rel. Falke v. Montgomery Cty. Resid. Dev., Inc.*, 40 Ohio St.3d 71, 73, 531 N.E.2d 688 (1988) (the law abhors a forfeiture).

As to the Eisenbarths' query of why the legislature would enact a "dead letter law," the point of the 1989 DMA may have been to give three years to eliminate or refresh stale mineral claims in the original look-back period, and the legislature planned to enact a new version for the next twenty-year period if public policy reasons for abandonment still applied in the future. And, the legislature did then enact the 2006 DMA within twenty years of the former DMA, adding a new look-back, twenty years from the service of notice. (Or, the intent was a multiple future periods, but that intent was not properly expressed.)

*Id.* at ¶ 49-50.

**{¶21}** Therefore, based on our *Eisenbarth* decision the trial court's conclusion that the look-back period is rolling is incorrect; the look-back period is fixed. However, the trial court's incorrect conclusion does not result in an automatic reversal. Rather, our analysis must continue and we must determine whether there was a savings event during the fixed period.

**{¶22}** The 1989 version of the DMA became effective on March 22, 1989. Thus, the 20 year look-back period extends from March 22, 1969 to March 22, 1989.

However, the act further provides for a three year grace period to perfect a savings event, which meant that a savings event could occur as late as March 22, 1992.

{¶23} Here, all parties admit that the 1981 Frances Batman affidavit is a savings event. This affidavit states that it is "intended to be recorded in the Deed Records in Belmont County, Ohio for the purposes of evidencing the descent of such mineral interests and evidencing the claim" of Frances Batman in the "interests as provided in Section 5301/47 et seq., Ohio Revised Code, the "Ohio Marketable title Act." Furthermore, the claim to preserve complies with R.C. 5301.52. *See* R.C. 5301.56(C) (claims to preserve must comply with R.C. 5301.52). Consequently, since the statute has a fixed look-back period and a preservation act occurred during that period, the minerals were not abandoned under the 1989 DMA.

{¶24} In reaching this conclusion, we do not need to determine whether the recordation of the will in 1989 (which occurred within the three year grace period for the 1989 version) was a savings event. It is irrelevant because the 1981 affidavit had already preserved the mineral interest for the look-back period in the 1989 act.

{¶25} Therefore, for those reasons, the trial court's grant of summary judgment for Reserve Energy Exploration and Equity Oil & Gas Funds, Inc. is hereby affirmed. The sole assignment of error is deemed meritless.


Donofrio, J., concurs.
Waite, J., concurs.