[Cite as *Paul v. Hannon*, 2017-Ohio-1261.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| TERRI L. PAUL, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 15 CA 0908 |
| V. | ) | |
| | ) | OPINION |
| HARRIETT LUCINDA HANNON, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common Pleas of Carroll County, Ohio Case No. 2013CVH27582

JUDGMENT:     Affirmed in part Reversed in part

APPEARANCES:
For Plaintiff-Appellant     Attorney David E. Butz
Attorney Matthew W. Onest
4775 Munson St., NW/ P.O. Box 36963
Canton, Ohio 44735-6963

For Defendants-Appellees     Attorney Karen J. Greenwell
Attorney G. Brian Wells
250 West Main St. Suite 1600
Lexington KY 40507

Attorney Eric C. Johnson
12 W. Main Street
Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 31, 2017

DONOFRIO, J.

**{¶1}** Plaintiff-appellant, Terri Paul, appeals from a Carroll County Common Pleas Court judgment denying her motion for partial summary judgment and granting the motion for summary judgment filed by defendants-appellees, Harriet Hannon and the Estate of Robert Douglas Hannon.

**{¶2}** This case involves the Ohio Dormant Mineral Act (ODMA). Appellant is the owner of a 70-acre tract of land in Perry Township (the Property) and the owner of a one-half interest in the oil and gas interest below the Property. Appellees are the owners of the other one-half interest in the oil and gas below the Property. Appellant sought to reunite appellees' oil and gas interest with her interest pursuant to the ODMA. Appellees sought to preserve their one-half interest pursuant of the ODMA.

**{¶3}** On October 25, 1944, Raymond and Nellie Davis sold to R.H. Hannon a one-half interest in all oil and gas and other minerals except coal underlying the Property. The deed is referred to as the "Davis Deed."

**{¶4}** On October 30, 1944, Russell and Florence Cain sold to R.H. Hannon a one-half interest in all the oil and gas under a 60-acre tract of land in Perry Township, Carroll County. This is referred to as the "Cain Deed."

**{¶5}** On December 16, 1944, W. McClelland and Wilma Patterson transferred to R.H. Hannon a one-half interest in all the oil and gas under a 147-acre tract of land which is referred to as the "Patterson Deed."

**{¶6}** On July 31, 1989, the above three interests, those represented by the Davis, Cain, and Patterson Deeds, and any other mineral interests in Carroll County, Ohio owned by R.H. Hannon, were conveyed to R.H. Hannon's children Lucinda Hannon, Doug Hannon, and Hal Hannon, in equal shares by the Estate of R.H. Hannon. This transfer is referred to as the "Children's Deed." In addition to other things, the Children's Deed specifically referenced the Davis, Cain, and Patterson Deeds stating:

> Lands situated in Section 30, Township 12, Range 5, Perry Township,
> Carroll County, Ohio as more particularly described in an instrument
> from Russell Cain and Florence Cain dated October 30, 1944 and

recorded in Volume 28, Page 33, Volume 28, Page 32 and Volume 28, Page 39, Lease Records, Carroll County, Ohio.

**{¶7}** Hal Hannon later sold all of his interest in the Children's Deed to Lucinda Hannon. That transfer, dated August 14, 1989, is referred to as "Hal's Deed." Thus, at this point, Lucinda owned a two-thirds interest in the minerals conveyed by the Children's Deed and Doug Hanon (now his estate) owned one third.

**{¶8}** In 1989, appellant and her spouse acquired from Thelma Borland and Nellie Davis the surface and other interest in what is described above as the Davis Deed with the specific exception of the one-half interest in oil and gas and other minerals deeded to R.H. Hannon. This transfer from Borland and Davis to appellant and her spouse is called the "Paul Deed."

**{¶9}** On May 27, 2010, appellant's spouse transferred his interest in the Paul Deed to appellant by quitclaim deed. This deed is referred to as the "Quitclaim Deed." As a result, appellant now owns the surface lands and one-half interest in the minerals below the land and appellees own the other one-half interest in the minerals below the surface land in the Property.

**{¶10}** In 2011, appellant leased her oil and gas interest in the Property to Chesapeake Exploration, LLC. A memorandum of the lease was recorded. Subsequently, appellant learned that Chesapeake would pay her only one-half of the proceeds because it determined that one-half of the oil and gas rights belonged to appellees. In April 2012, appellant took steps to try to obtain appellees' one-half interest by initiating the steps set forth in the ODMA.

**{¶11}** On April 20, 2012, appellant mailed to both appellees a document titled Notice of Intent to Declare Mineral Interest Abandoned Pursuant to R.C. 5301.56.

**{¶12}** On May 25, 2012, both appellees filed a document titled Affidavit to Preserve Mineral Interest which stated that appellees wished to preserve their oil and gas interests.

**{¶13}** On June 14, 2012, appellant recorded two documents both titled Affidavit of Fact Relating to Title to Real Estate, which state that the mineral interests

previously owned by appellees have been abandoned.

{¶14} On July 24, 2012, appellant recorded two documents both titled Affidavit of Facts asking the County Recorder to marginally note the abandonment of the mineral interests of appellees pursuant to the previously filed Affidavits of Abandonment.

{¶15} On November 7, 2012, December 7, 2012, and December 19, 2012, appellees filed Memorandums of Oil and Gas Lease reflecting the leasing of their oil and gas interests to Chesapeake Exploration, LLC.

{¶16} On July 11, 2013 appellant filed a complaint against appellees and others seeking relief in the forms of declaratory judgment, quiet title, injunction, slander of title, negligence/negligence per se, and unjust enrichment.

{¶17} Appellees filed an answer, counterclaim, and third-party complaint. In their counterclaim, appellees sought declaratory judgment, quiet title, and slander of title. The third-party claim was bifurcated and is not an issue here.

{¶18} Appellant filed a motion for partial summary judgment on her complaint for declaratory relief, quiet title, injunctive relief, and slander of title. Appellant also sought summary judgment on all claims asserted in appellees' counterclaim. Appellees also filed a motion for summary judgment. Appellees sought summary judgment on their counterclaim and on each of appellant's claims against them.

{¶19} The trial court denied appellant's motion and granted appellees' motion. The court quieted title in favor of appellees with regard to the one-half interest in the oil and gas underlying the Property. The court also awarded appellees nominal damages of $1.00 on their counterclaim for slander of title.

{¶20} Appellant filed a timely notice of appeal. On appeal, appellant does not challenge the trial court's award of summary judgment to appellees' regarding appellant's claims for unjust enrichment, conversion, or constructive trust.

{¶21} An appellate court reviews the granting of summary judgment de novo. *Comer v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary

judgment was proper.

**{¶22}** A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher,* 9th Dist. No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R 56(C). *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.,* 67 Ohio St.3d 344, 346, 1993-Ohio-191, 617 N.E.2d 1129.

**{¶23}** Appellant's first assignment of error states:

> THE TRIAL COURT ERRONEOUSLY CLASSIFIED R.C. 5305.56 AS A FORFEITURE STATUTE AND AS A RESULT, APPLIED AN IMPROPER STANDARD OF REVIEW FOR APPELLANT'S ABANDONMENT EFFORTS.

**{¶24}** Appellant argues that the ODMA is properly characterized as an "abandonment statute." She asserts that the trial court's failure to properly define the ODMA tainted its analysis and its decision must be reversed. Appellant argues that the ODMA should be interpreted in favor of the owner of the surface land as their property rights are affected by any unused or forgotten interests.

**{¶25}** In addressing this issue, the trial court observed that at common law, severed ownership of mineral interests could not be lost by mere nonuse, that a vested fee interest in real property cannot be abandoned, and that the law abhors a forfeiture.

{¶26} The trial court explained that appellees' filing of a notice of preservation and a defense in this action demonstrates that they did not intend to abandon their mineral interest. Thus, the only way appellees could legally be divested of their interest was by way of a statutory forfeiture. Accordingly, the trial court characterized the ODMA as a forfeiture statute. The trial court was of the opinion that whether or not the ODMA is viewed as "abandonment" or "forfeiture," it is contrary to common law and should be construed "to insure that [a] person being deprived of his or her property receives all of the protections the General Assembly provided in the statute." Further, the trial court concluded, it is appropriate to require that appellant, as the one seeking to acquire appellees' property rights, comply with all aspects of the requirements of the ODMA. Lastly, the trial court opined that R.C. 5301.55's mandate that R.C. 5301.56 "shall be liberally construed to effect the legislative purpose of simplifying and facilitating land title transactions by allowing persons to rely on a record chain of title * * * " does not mean that the statute should be liberally construed to make it easier for surface owners to acquire the minerals of others in derogation of countervailing common law principles and without fully satisfying the requirements imposed on surface owners by R.C. 5301.56.

{¶27} The Ohio Supreme Court recently analyzed the ODMA in *Corban v. Chesapeake Exploration, LLC,* __ Ohio St.3d __ 2016-Ohio-5796, __N.E.3d __*.* In *Corban,* the Ohio Supreme Court answered two certified questions regarding the 1989 and 2006 versions of the ODMA. In answering those questions, the Ohio Supreme Court explained that in enacting the 1989 version, "the legislature did not intend title to dormant mineral interests to pass automatically and outside the record chain of title." *Corban* at ¶ 27. The Court explained:

> The statute remedied the difficulties faced by a surface owner seeking to quiet title to a dormant mineral interest, an action that requires proof that the mineral rights holder-who may not be locatable or identifiable from the land records-had abandoned and relinquished that interest. At common law, such an action would have failed absent proof of the

property owner's subjective intent. [citation omitted]. Thus, by providing a conclusive presumption that the mineral interest had been abandoned in favor of the surface owner if the holder failed to take timely action to preserve it, the legislature provided an effective method of terminating abandoned mineral rights through a quiet title action.

*Corban* at ¶ 25. The Court further explained that "the conclusive presumption of abandonment was only an evidentiary device that applied to litigation seeking to quiet title to a dormant mineral interest." *Id.* at ¶ 26. As of June 26, 2006, a surface holder seeking to claim dormant mineral rights "is required to follow the statutory notice and recording procedures enacted in 2006." *Id.* at ¶ 31. "These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder." *Id.*

**{¶28}** Whether the ODMA is characterized as an "abandonment statute" or a "forfeiture statute," the trial court correctly concluded that the resolution of this action depends upon what the statute itself demands. Whether a forfeiture or an abandonment statute, the purpose is to allow a surface owner to take steps to have mineral interests reunited with the surface lands, but only after the surface owner has taken the necessary statutory steps. The facts here amply illustrate that appellant sought to reunite the one-half interest in oil and gas she did not own with her surface land, and appellees sought to preserve their interest and block appellant's attempt to reunite the severed one-half interest.

**{¶29}** Regardless of its nomenclature regarding the ODMA, the trial court properly applied it in determining that appellees did not abandon their oil and gas interest underlying the Property.

**{¶30}** Accordingly, appellant's first assignment of error is without merit and is overruled.

**{¶31}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED BY HOLDING THAT APPELLANT

FAILED TO COMPLY WITH R.C. 5301.56'S ABANDONMENT PROCEDURE.

{¶32} R.C. 5301.56(E) provides that, before a severed mineral interest can be vested in the owner of the surface lands, the surface owner must do two things. First, the surface owner must serve notice, by certified mail, return receipt requested, to each holder at the last known address of the holder, of the owner's intent to declare the mineral interest abandoned. The notice shall contain all of the information in R.C. 5301.56(F). R.C. 5301.56(E)(1).

{¶33} Second, the surface owner must file in the county recorder's office an affidavit of abandonment that contains all of the information in R.C. 5301.56(G) at least 30 days, but not more than 60 days, after the date on which the notice is served or published. R.C. 5301.56(E)(2).

{¶34} The trial court stated that appellant's certified mail notice did not strictly comply with the requirement that notice be mailed to the "last known address" of the holder. The trial court pointed out that the notice was not mailed to the address on the holders' deeds.

{¶35} Appellant argues that she used a more current address than the one in appellees' deeds for the agent of appellees and this should satisfy the statutory requirement of a mailing to the "last known address." Further, appellant points to this court's statement in *Dodd v. Croskey*, 7th Dist. No. 12 HA 6, 2013-Ohio-4257, that where notice is actually received failure to strictly comply with the notice requirement is considered to be harmless error. *Id.* at ¶ 59.

{¶36} The trial court concluded that it "need not determine whether an incorrectly addressed notice, which did eventually reach the holder, makes the notice ineffective." Likewise, we need not determine what is considered the correct address under the ODMA. Appellees actually received the notice.

{¶37} R.C. 5301.56(E)(1) also provides that appellant's notice shall contain all of the information specified in R.C. 5301.56(F). The pertinent part of the statute provides that appellant's notice shall contain:

A description of the mineral interest to be abandoned. The description shall include the volume and page number of the recorded instrument on which the mineral interest is based.

R.C. 5301.56(F)(3).

**{¶38}** The trial court concluded that appellant's notice was ineffective because it failed to properly describe the mineral interest she sought to have reunited with her surface lands. The trial court reasoned that the description in appellant's notices included all of the interests in oil and gas or other minerals as described in the Children's Deed. The Children's Deed reflects the conveyance by the Estate of R.H. Hannon of any mineral interests in Carroll County owned by R.H. Hannon, including those reflected in the Davis, Cain, and Patterson Deeds, to his three children. The notices then reference the Children's Deed. The trial court explained there was an erroneous reference to a "Deed of Reservation" recorded at Lease Book 71, Page 597. This "Deed of Reservation" is Hal's Deed (the transfer by Hal of all his interest in the Children's Deed to Lucinda). The trial court concluded that since the controlling reference in the notice is to the Children's Deed, which includes at least three tracts of which the surface owner had an interest in only one, this created an ambiguous and defective description.

**{¶39}** Appellant complains that the trial court failed to consider the notice as a whole. The notice continues, after referencing the Children's Deed, with the following language:

And applying to the following described lands ("Mineral Interest"):
Lands situated in the Section thirty (30), Township twelve (12), Range five (5), Township of Perry, County of Carroll, and State of Ohio, as more particularly described in ... Volume 28, Page 32 ... Lease Records, Carroll County, Ohio.

The ellipses omit the Cain and Patterson Deeds. The Cain and Patterson oil and gas

interests are eliminated from the description of the mineral interest. Volume 28, Page 32, is the Davis Deed and is the surface property which appellant owns.

**{¶40}** Appellant's notice, although somewhat confusing, given all of the facts and reading the entire notice, substantially met the requirements of the statute and put appellees on notice of the mineral interest against which appellant intended to file an Affidavit of Abandonment. Therefore, it seems, on this narrow issue the trial court reached the wrong conclusion. This, however, does not end the discussion of appellant's second assignment of error.

**{¶41}** After notice, if the holder of the mineral interest wants to preserve their interest, they must file a claim to preserve. If a claim to preserve is not filed, the surface owner then must file in the office of the county recorder, at least 30 but not later than 60 days after notice is served, an affidavit of abandonment which contains all of the information in R.C. 5301.56(G). R.C. 5301.56(G) states that the affidavit of abandonment shall contain the following:

(1) A statement that the person filing the affidavit is the owner of the surface of the lands subject to the interest;

(2) The volume and page number of the recorded instrument on which the mineral interest is based;

(3) A statement that the mineral interest has been abandoned * * *;

(4) A recitation of the facts constituting the abandonment;

(5) A statement that notice was served on each holder * * *

R.C. 5301.56(G).

**{¶42}** The parties dispute only whether appellant complied with subpart two. The trial court, as with the notice, concluded that the affidavit purported that the surface owner will acquire all of the mineral interests described in the Children's Deed and Hal's Deed, which includes oil and gas under surface land not owned by appellant.

**{¶43}** One aspect of appellant's affidavits that is different from the notice is

that the affidavits describe the mineral interest as follows:

> All as more particularly set forth in the Mineral Deed recorded in the Carroll County Recorder's Office at Lease Book Volume 71, Page 438 and also by the Mineral Deed recorded in the Carroll County Recorder's Office at Lease Book Volume 71, Page 597 (the aforesaid reserved interest excluding coal is referred to as "Mineral Interest").

The filings reference the Children's Deed and Hal's Deed which include at least two parcels in which appellant has no interest. And the affidavit does not include the language which was included in the notice given to appellees describing the "Mineral Interest" using ellipses in place of the Cain and Patterson Deeds and using only the volume and page number of the Davis Deed, which is the correct mineral interest over which she owns the surface. Thus, the affidavits of abandonment include all of the mineral interests conveyed by the Estate of R.H. Hannon to his children, including the oil and gas interests in the Cain and Patterson Deeds, to which appellant admits she has no claim.

{¶44} Appellant argues that her affidavits of abandonment did not need to include a description of the mineral interest which she seeks to reunite with her surface lands. Instead, she argues, the affidavits needed only include the volume and page number of the instrument on which the mineral interest is based. Appellant argues the above quoted volumes and page numbers satisfy this requirement as they reference the two deeds (the Children's Deed and Hal's Deed) on which appellees' mineral interest is based.

{¶45} Next, appellant's two July Affidavits of Facts are apparently appellant's attempt to comply with R.C. 5301.56(H)(2)'s direction to cause the county recorder "to memorialize the record on which the severed mineral interest is based" with specific statutory language indicating that the mineral interest is abandoned. R.C. 5301.56(H)(2). Similarly, these documents reference only the Children's Deed and Hal's Deed. The affidavits ask that the Children's Deed and Hal's Deed be noted with

the following language: "This mineral interest abandoned pursuant to Affidavit of Abandonment recorded in Book 83, Page 3977."

**{¶46}** The trial court concluded that this notation on the Children's Deed and Hal's Deed would indicate that the mineral interests in the Cain and Patterson Deeds, and any other interests owned by the Estate of R.H. Hannon, have been statutorily abandoned. This suggests that other interests owned by appellees, which are not below the surface land owned by appellant, were also abandoned. But the notation would also include the oil and gas interest at issue here. Thus, the trial court should have found that appellant substantially complied with R.C. 5301.56's abandonment provisions. But as will be seen in appellant's next assignment of error, because appellees preserved their oil and gas interest, this assignment of error does not present a reversible error.

**{¶47}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶48}** Appellant's third assignment of error states:

THE TRIAL COURT ERRED BY HOLDING THAT APPELLEES PROPERLY PRESERVED THEIR SEVERED MINERAL INTEREST WHEN APPELLEES FILED CLAIMS TO PRESERVE WHICH THE TRIAL COURT ACKNOWLEDGED "CLEARLY DID NOT MEET ALL OF" R.C. 5301.56'S REQUIREMENTS.

**{¶49}** Appellant argues that appellees' attempt to preserve their mineral interests must strictly comply with the statutory requirements and, even if strict compliance is not necessary, appellees' attempt to preserve their interests did not substantially comply with the statutory requirements.

**{¶50}** If the holder of a mineral interest has received notice pursuant R.C. 5301.56(E), the holder, within 60 days of the date on which notice is served, must file in the office of the county recorder either a claim to preserve the mineral interest in accordance with R.C. 5301.56(C) or an affidavit identifying one of the saving events

in R.C. 5301.56(B)(3). Appellees do not assert that any of the saving events occurred. Instead, appellees argue, and the trial court agreed, that they filed a claim to preserve pursuant to R.C. 5301.56(C) and have thus preserved their oil and gas interests. That provision states that a claim to preserve may be filed and recorded by the holder. The claim to preserve shall consist of a notice that does all of the following:

> (a) States the nature of the mineral interest claimed and any recording information upon which the claim is based;
> (b) Otherwise complies with section 5301.52 of the Revised Code;
> (c) States that the holder does not intend to abandon, but instead to preserve, the holder's rights in the mineral interest.

R.C. 5301.56(C)(1). A claim that is properly filed and recorded, pursuant to R.C. 5301.56(C), "preserves the rights of all holders of a mineral interest in the same lands." R.C. 5301.56(C)(2).

{¶51} R.C. 5301.52 explains what the notice must contain to be effective and entitled to recording. According to R.C. 5301.52, to be effective, the notice shall satisfy the following requirements: (1) be in the form of an affidavit; (2) state the nature of the claim and the names and addresses of the persons benefitting from the notice; (3) contain an accurate and full description of the land in particular terms, except that if the claim is founded upon a recorded instrument the description may be the same as in the recorded instrument; (4) state the name of each record owner affected by the notice together with the recording information of the instrument by which each record owner acquired title; and (5) be made by a person with knowledge or competent to testify in court.

{¶52} Appellees each filed with the county recorder an affidavit titled "Affidavit to Preserve Mineral Interest" which stated:

> I am the owner of the following described mineral interest:

Being all those lands situated in Section 30, Township 12, Range 5, Perry Township, Carroll County, Ohio as more particularly described in an instrument from Russell Cain and Florence Cain dated October 30, 1944 and recorded in Volume 28, Page 33, Volume 28, Page 32 and Volume 28, Page 39, Lease records, Carroll County, Ohio.

I hereby declare that I intend to preserve all my right, title and interest in the above described minerals.

This language is from the Children's Deed and references the Davis, Cain, and Patterson Deeds by volume and page number. Each affidavit begins with an identification of the state and county in which each affiant currently resides.

**{¶53}** The trial court held that, although appellees' notices did not meet all of the requirements imposed by the ODMA, they served the purposes intended by the ODMA for such claims, which was to provide a record of the mineral owner's intention to retain their minerals. Thus, the trial court concluded that appellees' notice preserved their oil and gas rights pursuant to the ODMA. The trial court cited *Cleveland Co-Op Stove, Co. v. Cleveland & P. Ry.,* 44 Ohio C.C. (N.S.) 260, 34 C.D. 236 (1912) for the rule that descriptions by reference to prior recorded deeds have been held to be sufficient under Ohio law. Thus, the trial court reasoned, appellees' reference in their affidavits to the Cain, Davis, and Patterson Deeds adequately described the property affected and the mineral interest conveyed. Thus, the trial court concluded that appellees sufficiently complied with the requirements of R.C. 5301.56(C) to preserve their interests.

**{¶54}** Appellant argues that appellees failed to notify appellant of the filing of their claims to preserve as required by R.C. 5301.56(H) and also failed to comply with five of the requirements in R.C. 5301.56(C), which by reference includes the requirements set forth in R.C. 5301.52.

**{¶55}** Appellant asserts that appellees failed to identify the affected surface owner and the surface owner's recording information. Appellant argues that this is required by R.C. 5301.52(A)(4) which provides that the notice shall:

State the name of each record owner of the land affected by the notice, at the time of its recording, together with the recording information of the instrument by which each record owner acquired title to the land.

**{¶56}** The trial court concluded that this was effectively accomplished by the holder's affidavit quoted above because "the referenced deeds also identify the owner of the surface at the time of severance which allows the identification of the current affected surface owner and the surface owner's recording information." We agree with the trial court. Appellant is the only surface owner here. The purpose of the affidavit requirements is to give notice to the surface owner or owners of the preservation claim. Appellant was clearly notified in this case.

**{¶57}** Next, appellant argues that appellees failed to identify the instrument through which they acquired their mineral interest. Appellant further asserts that appellees' affidavits fail to meet the statutory requirements because they simply indicate an interest to preserve a mineral interest in the described property and fail to state that the interest is a one-half interest and not a one hundred percent interest. Appellant asserts that this is required by R.C. 5301.56(C)(1)(a), which provides that a claim to preserve shall consist of a notice that states the nature of the mineral interest claimed and any recording information upon which the claim is based.

**{¶58}** The trial court concluded that the above quoted affidavit satisfies this requirement because, by referencing the Davis, Cain, and Patterson Deeds, the affidavits described the property affected and the mineral interest conveyed and were the source of the mineral interest to be preserved. Appellant seems to complain that appellees' affidavits need to include a reference to where the Children's Deed is recorded, i.e., Volume 71, Page 438, as well as Hal's Deed, Lease Book 71, Page 597.

**{¶59}** Each of appellees' affidavits are titled as a notice to preserve a mineral interest and each clearly indicate a desire to preserve the mineral interests conveyed in the Davis Deed, as well as the Cain and Patterson Deeds. Thus, the trial court correctly found compliance here.

**{¶60}** Appellant also complains that appellees failed to comply with that part of R.C. 5301.52(A)(2) which requires that the notices shall state the names and addresses for whose benefit the notice is being filed.

**{¶61}** Appellees' affidavits set forth the state and county in which appellees reside, but do not include a street address. The trial court concluded that this was sufficient as it made them easily locatable by anyone who wanted to do so.  Clearly, in this case, this notice was sufficient because appellant was easily able to locate appellees.

**{¶62}** Accordingly, appellant's third assignment of error is without merit and is overruled.

**{¶63}** Appellant's fourth assignment of error states:

THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLANT SLANDERED APPELLEES' TITLE TO THE SEVERED MINERAL INTEREST AT ISSUE BECAUSE APPELLANT HAD NO NOTICE THAT APPELLEES HAD FILED THEIR DEFECTIVE CLAIMS TO PRESERVE PRIOR TO COMPLETING R.C. 5301.56'S ABANDONMENT PROCEDURE.

**{¶64}** In their counterclaim, appellees alleged that Exhibits K and L to appellant's complaint contain false statements about the ownership of oil and gas rights below the premises. Exhibits K and L both are titled Affidavit of Fact Relating to Title to Real Estate. Those affidavits represent that the mineral interests at issue here have been abandoned. Appellees complained appellant filed these affidavits after they recorded their intent to preserve their mineral interests. They asserted they suffered actual and special damages as they were unable to lease or transfer their oil and gas interests.

**{¶65}** Appellant now argues that the trial court finding that appellees were entitled to summary judgment on their counterclaim for slander of title because there was no evidence of malice, there was no evidence that appellees were damaged by

appellant's filings, and, since the counterclaims were limited to the abandonment affidavit, the claim is time-barred.

**{¶66}** To prevail on a slander of title claim, one must prove the publication of a slanderous statement which disparages one's title; that the statement was false; that the statement was made with malice or reckless disregard of its falsity; and that the statement caused actual or special damages. *Cupside Properties, LTD., v. Earl Mechanical Services, Inc.,* 6th Dist. No. L-14-1253, 2015-Ohio-5019, ¶ 37, citing *Green v. Lemarr,* 139 Ohio App.3d 414, 430-431, 744 N.E.2d 212 (2d Dist.2000).

**{¶67}** The trial court determined that appellant recorded a defective instrument that purported to abandon interests owned by appellees on properties in which appellant had no interest, i.e., all of the mineral interests conveyed by the Children's and Hal's Deeds. This, the trial court concluded, deprived appellees of royalties due for oil and gas from their mineral interests. The trial court awarded each appellee one dollar as nominal damages.

**{¶68}** The trial court did not identify any evidence which might support a conclusion that the actions of appellant were malicious or reckless. Instead, the trial court relied upon its conclusion that appellant recorded defective documents that purported to abandon mineral interests owned by appellees, including mineral interests in properties over which appellant did not own the surface lands. This caused, according to the trial court, the property records of Carroll County to incorrectly reflect that all of appellees' mineral interests conveyed by the Children's and Hal's Deeds had been forfeited. More is needed to prove that appellant's actions were malicious or reckless.

**{¶69}** A failed attempt to meet the requirements of the ODMA alone does not establish that the failed attempt was malicious or reckless. Each party here believed the other failed to meet the statutory requirements. For this reason, the trial court erred in granting summary judgment in favor of appellees on their slander of title claim.

**{¶70}** Accordingly, appellant's fourth assignment of error has merit and is

sustained.

{¶71} Appellant's fifth assignment of error states:

THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLEE, HARRIET LUCINDA HANNON, DID NOT SLANDER APPELLANT'S TITLE TO HER MINERAL RIGHTS WHEN APPELLEE, HARRIET LUCINDA HANNON, RECORDED A MEMORANDUM OF OIL AND GAS LEASE BASED UPON LEGALLY DEFECTIVE TITLE DOCUMENTS.

{¶72} Appellant argues the trial court erred in granting summary judgment in favor of Appellee-Harriet on her slander of title claim.

{¶73} This assignment of error is contingent upon a finding that appellant successfully reunited the oil and gas rights previously held by appellees to her surface land and appellees failed to preserve their interests. Since we have concluded that appellees preserved their interest, the trial court's grant of summary judgment on appellant's slander of title claim is correct.

{¶74} Accordingly, appellant's fifth assignment of error is without merit and is overruled.

{¶75} Appellant's sixth assignment of error states:

THE TRIAL COURT ERRED WHEN IT HELD APPELLEE, HARRIET HANNON, DID NOT OWE APPELLANT A DUTY OF REASONABLE CARE WHEN RECORDING DOCUMENTS WHICH BURDENED APPELLANT'S TITLE TO HER REAL PROPERTY AND ITS MINERAL RIGHTS.

{¶76} Appellant argues the trial court erred in granting summary judgment in favor of Appellee-Harriet on her negligence claim.

{¶77} This assignment of error is also contingent upon a finding that appellant successfully reunited the oil and gas rights previously held by appellees to her

surface land and appellees failed to preserve their interests. Since we have concluded that appellees preserved their interest, the trial court's grant of summary judgment on appellant's negligence claim is correct.

{¶78} Accordingly, appellant's sixth assignment of error is without merit and is overruled.

{¶79} For the reasons stated above, the trial court's judgment is hereby reversed only as to its grant of summary judgment in favor of appellees on their slander of title claim. The trial court's judgment is affirmed in all other respects.

Waite, J., concurs.

DeGenaro, J., concurs.