[Cite as *Cain Ridge Beef Farm, L.L.C. v. Fisher*, 2020-Ohio-4727.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

CAIN RIDGE BEEF FARM, LLC ET AL.,

Plaintiffs-Appellees,

v.

EDNA LYDIA FISHER ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MO 0024**

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2018-138

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed

---

*Atty. Timothy Pettorini*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, Ohio 44308, and *Atty. Sara Fanning,* Roetzel & Andress, LPA, 41 South High Street, Huntington Center, 21st Floor, Columbus, Ohio 43215, for Plaintiffs-Appellees and

*Atty. Erik Schramm Sr.* and *Atty. Erik Schramm Jr.,* Hanlon, Estadt, McCormick & Schramm Co., 46457 National Road West, St. Clairsville, Ohio 43950, for Defendants-Appellants.

Dated:
September 30, 2020

**DONOFRIO, J.**

{¶1} Defendants-appellants, Frost Bank as Trustee of the Geoffrey Strauch Generation Skipping Trust, Geoffrey Strauch, Howard Strauch, JoAnn Strauch, Scott Strauch, William Strauch, Elaine Strauch, Robert Strauch, Mary Helene Strauch, Matthew Cooper, Jennifer Cooper, David Alan Clements, Cynthia Scott Strauch Smagula, Nancy Anne Clements Hand, Gregory Hand, Jill Vaugh Johnson, Greg Johnson, Patricia Carolyn Dixon, Fred Preston Clements, Jr., Julie Ann Clements, George Clements, Leigh Seklemian as Trustee of the Robert Seklemian Trust, Robert Seklemian, Adam Cooper, Irene Elizabeth Cooper, Warren Clements, Carol Clements, John Bowman, Barbara Bowman, Charlene Bowman, Elizabeth Bowman Robinson, Mary Kaye Seigfreid, Roy Seigfreid, David Cooper, Valerie Cooper, Thomas Strauch, Lynn Strauch, Mary Strauch, Nancy Ruth Strauch, James Strauch, Karen Strauch, Timothy Strauch, Arlene Strauch, Martha Bell, and Joseph Bell, appeal the judgment of the Monroe County Common Pleas Court granting summary judgment and quieting title to real property in favor of plaintiffs-appellees, Cain Ridge Beef Farm, LLC, Mark Milosavljevic, and Terri Milosavljevic.

{¶2} In 1907, Henry and Mary Strauch owned 113.13 acres of real property in Monroe County, Ohio (the property). In a warranty deed dated October 14, 1907, Henry and Mary Strauch conveyed the property to Charles Miller (the Strauch deed). In the Strauch deed, Henry and Mary reserved one-half of all the oil and gas underlying the property (the Strauch reservation).

{¶3} Henry died intestate in 1944. On August 29, 1944, Henry's estate conveyed his interest in the Strauch reservation to seven heirs: Oscar Elmer Strauch, Selma Louise Strauch, Emil Sampson Strauch, Albert Wesley Strauch, Edna Lydia Strauch, Elizabeth Esther Strauch, and Alice Winona Strauch (the Strauch heirs).

{¶4} Appellants are the heirs of Henry and Mary Strauch and claim complete ownership of the Strauch reservation.

Case No. 19 MO 0024

{¶5}     In five separate deeds between 1977 and 2005, appellees Mark and Terri Milosavljevic acquired the surface rights and one-half of the mineral rights to approximately 95.383 acres of the property.  On September 28, 2012, the Milosavljevics executed an oil and gas lease on the property with CNX Gas Company.

{¶6}     In 2014, the Milosavljevics retained the law firm of Stubbins, Watson, Bryan & Witucky Co., LPA (Stubbins Firm) for the purposes of identifying the current holders to the Strauch reservation.   The Stubbins Firm retained Attorney Kristi Rothenbuhler to conduct the title examination of the Strauch reservation.

{¶7}     Attorney Rothenbuhler conducted a search for the holders of the Strauch reservation by examining Monroe County Records covering a time period from October 14, 1907 to October 17, 2014.  Attorney Rothenbuhler's search only identified the Strauch heirs and did not identify appellants as the current holders.

{¶8}     On November 12, 2014, the Milosavljevics conveyed their interest in the property to appellee Cain Ridge Beef Farm, LLC (Cain Ridge).  The Milosavljevics are the sole owners and members of appellee Cain Ridge.

{¶9}     Between November 5, 2014 and January 2, 2015, appellees attempted to serve their notice of intent to abandon severed mineral interests to the Strauch Heirs by certified mail, return receipt requested.  All attempts to serve the Strauch Heirs were returned "unclaimed unable to forward" or "attempted – not known unable to forward."

{¶10}    On February 26, 2015, appellees published their notice of intent to declare the Strauch Heirs' interest in the Strauch reservation abandoned in the Monroe County Beacon.  This published notice listed the Milosavljevics as the surface owners to the property.

{¶11}    On April 10, 2015, appellees filed their affidavit of abandonment with the Monroe County Recorder.  This affidavit listed the Milosavljevics as the surface owners to the property and one-half of all of the oil and gas underlying the property.

{¶12}    On June 2, 2015, appellees filed their notice of failure to file.  This notice also identified appellees the Milosavljevics as the surface owners of the property and one-half of all of the oil and gas underlying the property.

**{¶13}** At various points between September of 2016 and January of 2017, appellants purported to lease their interest in the Strauch reservation to CNX Gas Company.

**{¶14}** On April 5, 2018, appellees filed a complaint seeking a declaratory judgment that appellants' interest in the Strauch reservation was abandoned and that the oil and gas leases executed by appellants were void and seeking to quiet title in their favor.

**{¶15}** Both parties filed motions for summary judgment. Appellees' motion argued that, under the Ohio Dormant Mineral Act (ODMA), appellants' interest in the Strauch reservation was abandoned and the Strauch reservation vested in the surface.

**{¶16}** Appellants' motion argued that their interest in the Strauch reservation was not abandoned under the ODMA. Among other arguments, appellants claimed that appellees did not exercise reasonable diligence under the ODMA in attempting to identify the current interest holders. They also argued that that the ODMA required the surface owner to perform the abandonment procedure. During the abandonment procedure, appellee Cain Ridge was the surface owner of the property. But it was the Milosavljevics who completed the abandonment procedure.

**{¶17}** The trial court granted appellees' motion for summary judgment and denied appellants' motion for summary judgment. The trial court held that although Cain Ridge was technically the surface owner, the Milosavljevics were the sole owners and members of Cain Ridge. Therefore, under this court's decisions in *Paul v. Hannon*, 7th Dist. Carroll No. 15 CA 0908, 2017-Ohio-1261, and *Jefferis Real Estate Oil and Gas Holdings, LLC v. Schaffner Law Offices, L.P.A.*, 7th Dist. Belmont No. 17 BE 0042, 2018-Ohio-3733, appellees substantially complied with the ODMA provisions despite the abandonment filings listing appellees Mark and Terri Milosavljevic as the surface owners. The trial court also held that appellees complied with all other ODMA provisions and, as a matter of law, appellee Cain Ridge was entitled to the property's oil and gas rights.

**{¶18}** Appellants timely filed their notice of appeal on December 13, 2019. They now raise five assignments of error.

**{¶19}** We will address appellants' assignments of error out of order for ease of discussion.

{¶20}  Appellants' second assignment of error states:

THE TRIAL COURT ERRED IN FAILING TO DETERMINE APPELLEES' LACKED STANDING.

{¶21}  Appellants argue that all appellees lack standing.  They contend the Milosavljevics lack standing because, at all times during the abandonment procedure, they were not the legal owners of the property.  Therefore, appellants assert, the Milosavljevics did not have a legal interest in reuniting the property's minerals with the surface.  As for Cain Ridge, appellants argue that it lacks standing because it made no attempt to initiate the abandonment procedure.

{¶22}  In order to have standing, a party, in an individual or representative capacity, has to have some real interest in the action.  *Youngstown Edn. Assn. v. Kimble*, 7th Dist. Mahoning Nos. 16 MA 0013, 16 MA 0014, 2016-Ohio-1481, ¶ 12 citing *State ex rel. Dallman v. Court of Common Pleas*, 35 Ohio St.2d 176, 298 N.E.2d 515 (1973). "Because standing to sue is required to invoke the jurisdiction of the common pleas court, 'standing is to be determined as of the commencement of suit.'"  *Federal Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 24 quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1991), fn. 5.

{¶23}  At the commencement of this action, Cain Ridge owned the surface of the property and the Milosavljevics were the sole owners and members of Cain Ridge.  Appellees' complaint raised four causes of action: declaratory judgment that appellants' interest in the Strauch reservation was abandoned under the ODMA; quiet title to appellants' interest in the Strauch reservation; declaratory judgment that the oil and gas leases executed by appellants were void; and quiet title regarding the oil and gas leases executed by appellants.  The fact that Cain Ridge was the surface owner at the time this action was initiated gives it standing because it has an interest in the property which is the subject of this action.

{¶24}  Appellants' argue that Cain Ridge lacks standing because it did not initiate the abandonment procedure, the Milosavljevics did.  This is a substantive argument

based on the claims appellees raised in this case, not a standing-based argument. As Cain Ridge is the surface owner of the property, it has a real interest in this action.

{¶25} The Milosavljevics also have standing in this case. The complaint states that the Milosavljevics are the sole members of Cain Ridge. As Cain Ridge has a real interest in this action, the Milosavljevics, as Cain Ridge's sole owners, also have a real interest in this action. Based on the above, all appellees had standing to bring this action.

{¶26} Accordingly, appellants' second assignment of error is without merit and is overruled.

{¶27} Appellants' fifth assignment of error states:

> THE TRIAL COURT ERRED IN DETERMINING APPELLEE CAIN RIDGE BEEF FARM, LLC COMPLIED WITH THE ABANDONMENT PROVISIONS OUTLINED IN R.C. 5301.56.

{¶28} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. Summit No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

{¶29} Appellants raise numerous arguments in this assignment of error but generally argue that appellees failed to comply with several aspects of the ODMA's abandonment procedure. First, they argue that appellees' notice of intent, affidavit of abandonment, and notice of failure to file were all defective because they listed the Milosavljevics as the surface owners, not Cain Ridge. Second, they argue that the notice of abandonment and the notice of failure to file were defective because they did not

contain a sufficient description of the property.  Third, they argue that it was inappropriate for appellees to publish the notice of abandonment because appellees did not conduct a reasonable search to identify appellants as the current interest holders.

{¶30}  We begin with appellants' argument that appellees' abandonment documents are defective because they did not identify the true owner.  Pursuant to R.C. 5301.56(F)(2), the notice of abandonment shall contain:

> A description of the surface of the land that is subject to the mineral interest. The description shall include the volume and page number of the recorded deed or other recorded instrument under which the owner of the surface of the lands claims title or otherwise satisfies the requirements established in division (A)(3) of section 5301.52 of the Revised Code.

{¶31}  The ODMA contains similar surface owner language with regard to the affidavit of abandonment.  Pursuant to R.C. 5301.56(E)(2), "the owner of the surface of the lands subject to the interest" shall file an affidavit of abandonment containing all of the information specified in R.C. 5301.56(G).  Pursuant to R.C. 5301.56(G)(1), the affidavit of abandonment shall contain "[a] statement that the person filing the affidavit is the owner of the surface of the lands subject to the interest."

{¶32}  The ODMA further contains similar surface owner language with regard to the notice of failure to file.  Pursuant to R.C. 5301.56(H)(2), if an interest holder fails to timely file a claim to preserve the interest or fails to timely file an affidavit describing a savings event, "the owner of the lands subject to the interest who is seeking to have the interest deemed abandoned and vested in the owner shall file in the office of the county recorder of each county where the land that is subject to the mineral interest is located a notice of failure to file."  The notice shall contain, among other things, a statement that the person filing the notice is the owner of the lands subject to the interest.  R.C. 5301.56(H)(2)(a).

{¶33}  The repeated references in the ODMA to "surface owner," "owner of the surface," or "owner of the lands" indicates the legislature's intent that the surface owner must be the party to complete the abandonment filings.  In this case, it is undisputed that

all of abandonment filings list the Milosavljevics. It is also undisputed that Cain Ridge was the true surface owner.

**{¶34}** Appellees argue that under this court's decisions in *Paul*, supra, and *Jefferis*, supra, they were only required to substantially comply with the ODMA. They argue that even though Cain Ridge is the surface owner, the Milosavljevics are the sole owners and members of Cain Ridge. Thus, they argue because the Milosavljevics owned Cain Ridge and Cain Ridge owned the surface, they substantially complied with the ODMA.

**{¶35}** The problem with this argument is that the ODMA states several times that the *surface owner* is to file the abandonment documents. Even though Cain Ridge is the surface owner, at no point did it file any of the abandonment documents. Moreover, the Milosavljevics knew they were not the surface owners because they conveyed the property to Cain Ridge on November 12, 2014, less than three months before they published their notice of intent in the Monroe County Beacon.

**{¶36}** Appellees also argue that the Milosavljevics were acting on behalf of Cain Ridge because even if Cain Ridge completed the abandonment procedure, it would have been the Milosavljevics who signed everything on behalf of Cain Ridge. But none of the abandonment documents indicate that the Milosavljevics were acting on behalf of Cain Ridge. To the contrary, the abandonment documents state that the Milosavljevics were the surface owners despite the fact that Cain Ridge owned the surface.

**{¶37}** Based on the above, appellees' abandonment filings did not comply with the ODMA because they do not identify the correct surface owner. Since appellees' abandonment documents did not comply with the ODMA, the trial court erred when it granted summary judgment in favor of appellees.

**{¶38}** Accordingly, appellants' fifth assignment of error has merit and is sustained.

**{¶39}** Appellants' first, third, and fourth assignments of error each allege another reason summary judgment in favor of appellees was improper.

**{¶40}** Appellants' first assignment of error states:

>      THE TRIAL COURT ERRED BY NOT RECOGNIZING THE LEGAL
> DISTINICTION OF OWNERSHIP BETWEEN CAIN RIDGE BEEF FARM,

LLC (THE SURFACE OWNER) AND CAIN RIDGE BEEF FARM, LLC'S MEMBERS MARK MILOSAVLJEVIC AND TERRI MILOSAVLJEVIC AS INIDIVIDUALS UNDER THE LIMITED LIABILITY COMPANY STATUTES, R.C. 1705.01 ET. SEQ., AND INTERPRETING CASE LAW.

**{¶41}** Appellants' third assignment of error states:

THE TRIAL COURT ERRED IN DETERMINING *PAUL V. HANNON*, 2017-OHIO-1261 (7TH APP. DIST., 2017) AND *JEFFERIS REAL ESTATE OIL AND GAS HOLDINGS, LLC. V. SHAFFNER LAW OFFICES, L.P.A.*, 2018-OHIO-3733 (7TH APP. DIST., 2018) ARE APPLICABLE TO ABANDONMENT PROCEEDINGS PURSUANT TO THE OHIO DORMANT MINERAL ACT, R.C. 5301.56.

**{¶42}** Appellants' fourth assignment of error states:

THE TRIAL COURT ERRED IN FAILING TO HOLD THE ABANDONMENT PROVISIONS OUTLINED IN R.C. 5301.56 ARE MANDATORY.

**{¶43}** Based on our resolution of appellants' fifth assignment of error, appellants' first, third, and fourth assignments of error are moot.

**{¶44}** For the reasons stated above, the trial court's judgment is hereby reversed and summary judgment is entered in favor of appellants.

Robb, J., concurs.

D'Apolito, J., concurs.

Case No. 19 MO 0024

[Cite as *Cain Ridge Beef Farm, L.L.C. v. Fisher*, 2020-Ohio-4727.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is reversed and summary judgment is entered in favor of appellants. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**