[Cite as *Lower Valley Farm, L.L.C. v. Croskey*, 2018-Ohio-1217.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LOWER VALLEY FARM, LLC, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 16 HA 0013 |
| V. | ) | |
| | ) | OPINION |
| JOHN WILLIAM CROSKEY, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas of Harrison County, Ohio Case No. CVH-2015-0006

JUDGMENT:    Dismissed.

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated:  March 28, 2018

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellant | Attorney Gregory W. Watts |
| | Attorney Matthew W. Onest |
| | Attorney David E. Butz |
| | 4775 Munson Street, N.W. |
| | Canton, Ohio 44735-6963 |
| | |
| For Defendants-Appellees | Attorney R. Jeffrey Pollock |
| | Attorney Erin K. Walsh |
| | 600 Superior Avenue, Suite 2100 |
| | Cleveland, Ohio 44114 |
| | |
| | Attorney A. Jenna Hokes |
| | 105 Jamison Avenue |
| | Cadiz, Ohio  43907 |
| | |
| | Attorney Marquette D. Evans |
| | 602 Main Street, Suite 307 |
| | Cincinnati, Ohio 45202 |
| | |
| | Attorney Michael C. Bednar |
| | 4110 Sunset Boulevard |
| | Steubenville, Ohio 43952 |

DONOFRIO, J.

{¶1} Plaintiff-appellant, Lower Valley Farm, L.L.C., appeals from a Harrison County Common Pleas Court judgment denying its motion to enforce a settlement agreement and another judgment granting summary judgment in favor of defendants-appellees, George and Marilyn Monzula, on Lower Valley's complaint for declaratory judgment and to quiet title as to certain oil and gas rights.

{¶2} This case involves the oil and gas rights underlying 51.5 acres of property located in the Section 16 Property in Harrison County. Appellees George and Marilyn Monzula are the surface owners of these 51.5 acres (the Monzula Property).

{¶3} Prior to 1962, the Pittsburgh Consolidation Coal Company owned the surface of the Section 16 Property and the surface plus 1/3 of the oil and gas rights underlying the Section 22 Property. The remaining oil and gas was subject to three different deeds. The first deed was from Samuel and Blanche Porter conveying a 1/3 interest in the Section 16 Property and the Section 22 Property, in which they reserved all of the oil and gas underlying the conveyed property (Porter Deed). The second deed was from Emma Croskey conveying a 1/3 interest in the Section 16 Property and the Section 22 Property, in which she reserved all of the oil and gas underlying the conveyed property (Croskey Deed). The third deed was from Eliza Mae Corbley conveying a 1/3 interest in the Section 16 Property, in which she reserved all of the oil and gas underlying the conveyed property (Corbley Deed). There was also a deed from Eliza Mae and William Corbley, without any reservation of oil and gas, conveying a 1/3 interest in the Section 22 Property.

{¶4} In 1962, Consolidation Coal Company (Consol), successor in interest to the Pittsburgh Consolidation Coal Company, sold the surface rights of the Section 16 Property and the Section 22 Property to Edward Seleski (Consolidation Deed). Consol reserved all oil and gas rights that it had, which was the 1/3 interest underlying the Section 22 Property.

{¶5} Seleski died on February 25, 1999. In 2001, Consol conveyed its 1/3 interest in the oil and gas rights underlying the Section 22 Property to Seleski's

Estate (the Seleski Estate). The Seleski Estate then conveyed the Section 16 Property and the Section 22 Property to Michael and Cheryl Wilt (Wilt Deed). That deed contained the following language:

> It is the purpose and intent of the Grantor to sell, bargain and convey to the Grantees herein all its right, title and interest in and to the subject premises, which it owns by virtue of instruments recorded in Deed Volume 148 Page 356 and Deed Volume 148 page 417, and Deed Volume 161 Page 682, records of Harrison Co., Ohio, TOGETHER WITH certain rights acquired by the Grantor by instrument recorded in Official Record Volume __ Page __, Records of Harrison Co., Ohio. The rights conveyed to the Grantor herein in the instrument in Official Record Volume __ Page__ and being conveyed in this instrument are only those pertaining to the surface of the subject premises. All other rights not pertaining to surface mining and acquired by the Grantor in the instrument recorded in Official Record Volume __ Page __ are specifically excepted and reserved to the Grantor, its successors, assigns and beneficiaries. The purpose and intent of this transfer is to permit the usage of the surface for mining related purposes with the consent of the Grantees herein.
>
> However, it is the intent of the grantor to convey all coal, minerals and mining rights to the premises that Edward L. Seleski owned at the time of his death.

(Brief in opposition to Plaintiff's Motion for Summary Judgment, Ex. E).

{¶6} On December 11, 2001, the Seleski Estate conveyed its 1/3 interest in the oil and gas rights underlying the Section 22 Property to Lower Valley's predecessor in interest. By deed dated October 25, 2013, that 1/3 interest in the oil and gas underlying the Section 22 Property was conveyed to Lower Valley. That 1/3 interest is not at issue in this appeal.

**{¶7}** On December 23, 2010, John Croskey filed an Affidavit Preserving Minerals to preserve the oil and gas underlying the Section 16 Property and the Section 22 Property (Croskey Affidavit) on his behalf as well as on behalf of others known as the Croskey Defendants. (Complaint Ex. 9).

**{¶8}** On November 24, 2014, Lower Valley filed a complaint against the Monzulas, the Croskey Defendants, and others seeking a declaratory judgment and to quiet title to certain oil and gas rights underlying property in Harrison County in its name by virtue of the 1989 Ohio Dormant Mineral Act (ODMA). The Croskey Defendants filed a counterclaim claiming title to the severed mineral interest as successors to the original mineral interest holders.

**{¶9}** Lower Valley filed a motion for summary judgment. The Croskey Defendants also filed a motion for summary judgment.

**{¶10}** Meanwhile, Lower Valley and the Monzulas attempted to settle their claims. They reached a Settlement Agreement. Per the terms of the Settlement Agreement, the parties would execute two quitclaim deeds. One of the quitclaim deeds would convey from Lower Valley to the Monzulas any and all interest it had or may claim to have in the oil and gas rights for two parcels, comprising approximately 26.355 acres. The other deed would convey from the Monzulas to Lower Valley any and all interest they had or may claim to have in the oil and gas rights for another parcel, comprising approximately 25.145 acres.

**{¶11}** On May 9, 2016, Lower Valley filed a motion to enforce the Settlement Agreement against the Monzulas. It requested that the trial court order the Monzulas to execute a quitclaim deed, which it asserted was all that was required to finalize the Settlement Agreement. Lower Valley claimed that it had signed its quitclaim deed and that the Monzulas were refusing to sign their quitclaim deed.

**{¶12}** The Monzulas field a response in opposition and a motion to vacate the Settlement Agreement. They argued that Lower Valley's attorney left out a key portion of the deed conveying the property from the Seleski Estate to the Wilts. Once they became aware of the additional language of the deed, the Monzulas no longer

wished to proceed with the settlement.

{¶13} The trial court found that rescission of a contract may be awarded in the interest of fairness even when a misrepresentation of fact is mistakenly made. Therefore, the trial court granted the Monzulas' motion to vacate the Settlement Agreement and denied Lower Valley's motion to enforce the Settlement Agreement.

{¶14} The trial court then granted Lower Valley's summary judgment motion in part and denied the Croskey Defendants' summary judgment motion. It also denied Lower Valley's summary judgment motion as to the Monzulas. In so doing, the trial court found that the 1989 ODMA applied to this case. It found that no savings event occurred in the time permitted by the 1989 ODMA to preserve the Croskey Defendants' oil and gas interests. Therefore, the court found that at the time of Seleski's death on February 25, 1999, Seleski owned all of the surface rights in question, all of the oil and gas underlying the Section 16 Property, and 2/3 of the oil and gas underlying the Section 22 Property. It went on to find that on August 20, 2001, the Seleski Estate purchased the remaining 1/3 oil and gas interest underlying the Section 22 Property. Also on August 20, 2001, the Seleski Estate conveyed to the Wilts all of the property at issue and contained the language "all coal, mineral and mining rights to the premises that Edward L. Seleski owned at the time of his death." The Seleski Estate did reserve a 1/3 oil and gas interest in the Section 22 Property. The trial court then concluded that pursuant to the 1989 ODMA, Seleski owned all of the remaining oil and gas at the time of his death and the Seleski Estate transferred those interests to the Wilts on August 20, 2001.

{¶15} Lower Valley filed a timely notice of appeal on July 25, 2016, from the judgment entry denying its motion to enforce the Settlement Agreement and from the judgment entry denying its motion for summary judgment. The Croskey Defendants also appealed. See *Lower Valley Farm, LLC v. Croskey, et al.*, 7th Dist. Nos. 16-HA-0010, 16-HA-0011, and 16-HA-0012, 2018-Ohio-814.

{¶16} Lower Valley now raises three assignments of error.

{¶17} Lower Valley's first assignment of error states:

THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT AN EVIDENTIARY [hearing] BEFORE DETERMINING WHETHER THE SETTLEMENT AGREEMENT BETWEEN LOWER VALLEY AND THE MONZULAS WAS ENFORCEABLE.

**{¶18}** Lower Valley's second assignment of error states:

THE TRIAL COURT ERRED WHEN IT HELD THAT THE SETTLEMENT AGREEMENT BETWEEN LOWER VALLEY AND THE MONZULAS COULD BE RESCINDED BASED UPON A MISREPRESENTATION OF FACT.

**{¶19}** Lower Valley's third assignment of error states:

THE TRIAL COURT'S DECISION MUST BE REVERSED AND REMANDED FOR FURTHER PROCEEDINGS IN LIGHT OF THE OHIO COURT'S DECISION IN CORBAN V. CHESAPEAKE EXPLORATION, L.L.C.

**{¶20}** Lower Valley's assignments of error are moot given this Court's resolution of *Lower Valley Farm v. Croskey*, 2018-Ohio-814.

**{¶21}** In *Corban v. Chesapeake Expl., L.L.C.*, 149 Ohio St.3d 512, 2016-Ohio-5796, 76 N.E.3d 1089, ¶ 26-28, the Ohio Supreme Court held that the 1989 Ohio Dormant Mineral Act (ODMA) was not self-executing and did not automatically transfer a mineral rights interest from the mineral rights holder to the surface owner by operation of law. Instead, a surface owner seeking to merge those rights with the surface estate under the 1989 ODMA was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned. *Id.* at ¶ 28.

**{¶22}** The 2006 ODMA provides that a dormant mineral interest "shall be deemed abandoned and vested in the owner of the surface of the lands subject to

the interest if the requirements established in division (E) of this section are satisfied." *Id.* at ¶ 29; R.C. 5301.56(B). The Court went on to hold:

> Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 31.

**{¶23}** The Ohio Supreme Court reiterated its holding stating "the 2006 version of the Dormant Mineral Act applies to all claims asserted after 2006 alleging that the rights to oil, gas, and other minerals automatically vested in the owner of the surface estate prior to the 2006 amendments." *Walker v. Shondrick-Nau*, 149 Ohio St.3d 282, 2016-Ohio-5793, 74 N.E.3d 427, ¶ 16, citing *Corban* at ¶ 2.

**{¶24}** Based on *Corban*, this Court in *Croskey* determined that the trial court erred in applying the 1989 ODMA. *Id.* at ¶ 23. We held the 2006 ODMA governs this case. *Id.* We went on to hold that given the application of the 2006 ODMA, the Croskey Defendants are the owners of the oil and gas interest at issue. *Id.* at ¶¶ 26, 32.

**{¶25}** Lower Valley did not assert a claim under the 2006 ODMA. Likewise, the Monzulas did not file a claim under the 2006 ODMA. Neither Lower Valley nor the Monzulas have any claim to the oil and gas at issue here given the application of the 2006 ODMA.

**{¶26}** For the reasons stated above, this appeal is dismissed as moot. Given that the 2006 ODMA applies to this case and given this court's ruling in *Lower Valley Farm v. Croskey, et al.*, 7th Dist. Nos. 01-HA-0010, 0011, 0012, 2018-Ohio-814,

neither Lower Valley nor the Monzulas have any claim to the oil and gas rights at issue in this case.

Waite, J., Concurs

Robb, P. J., Concurs